IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

PARALLEL NETWORKS, LLC

    Plaintiff,

    v.

AEO, INC.; AEO MANAGEMENT, CO.;
AMWAY CORPORATION D/B/A AMWAY
GLOBAL; AMERICAN EAGLE
OUTFITTERS, INC.;  AOL, INC.; BARNES &
NOBLE, INC.; BARNESANDNOBLE.COM,
LLC; BASS PRO, INC.; BASS PRO SHOPS
OUTDOORS ONLINE, LLC; BESTBUY,
INC.; BORDERS GROUP, INC.; BRAWN,
LLC; CABELA'S, INC.; COLDWATER
CREEK, INC.; CONTINENTAL AIRLINES,
INC.; DELTA AIR LINES, INC.;
FOOTLOCKER, INC.; FOOTLOCKER.COM;
GENERAL MOTORS COMPANY; GOOGLE,
INC.; HAYNEEDLE, INC.; ICONIX BRAND
GROUP, INC.; IP HOLDINGS, LLC; JUICY
COUTURE, INC.; KOHL'S ILLINOIS, INC.;
LF, LLC; LIMITED BRANDS, INC.; LIZ
CLAIBORNE, INC.; LOWES COMPANIES,
INC.; LOWES HOME CENTERS, INC.;
MAPQUEST, INC.; MUSICIAN'S FRIEND,
INC.; NORDSTROM, INC.; ONESTOP
INTERNET, INC.; ORIENTAL TRADING
COMPANY, INC.;
PATAGONIA, INC.; QVC, INC.; RAMPAGE
CLOTHING COMPANY, INC.;
RECREATIONAL EQUIPMENT, INC.;
REDBOX AUTOMATED RETAIL, LLC;
RESTORATION HARDWARE, INC.;
SONY CORPORATION OF AMERICA;
SONY ELECTRONICS INC.; SOUTHWEST
AIRLINES, INC.; STAPLES, INC.;
SUNGLASS HUT INTERNATIONAL, INC.;
TARGET CORPORATION; THE NEIMAN
MARCUS GROUP, INC.; THE NORTH
FACE, INC.; THE ORVIS COMPANY, INC.;
TIFFANY & CO.; TRIPADVISOR LLC; US

Civil Action No. _____

JURY TRIAL DEMANDED

AIRWAYS, INC.; VF OUTDOOR, INC.;
WILLIAMS-SONOMA, INC.; WOMEN'S
APPAREL GROUP, LLC D/B/A BOSTON
APPAREL GROUP, LLC; AND ZAPPOS
RETAIL, INC.

    Defendants.

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Parallel Networks, LLC files this Original Complaint for Patent Infringement

against AEO, INC.; AEO MANAGEMENT, CO.; AMWAY CORPORATION D/B/A AMWAY

GLOBAL; AMERICAN EAGLE OUTFITTERS, INC.;  AOL, INC.; BARNES & NOBLE,

INC.; BARNESANDNOBLE.COM, LLC; BASS PRO, INC.; BASS PRO SHOPS OUTDOORS

ONLINE, LLC; BESTBUY, INC.; BORDERS GROUP, INC.; BRAWN, LLC; CABELA'S,

INC.; COLDWATER CREEK, INC.; CONTINENTAL AIRLINES, INC.; DELTA AIR LINES,

INC.; FOOTLOCKER, INC.; FOOTLOCKER.COM; GENERAL MOTORS COMPANY;

GOOGLE, INC.; HAYNEEDLE, INC.; ICONIX BRAND GROUP, INC.; IP HOLDINGS, LLC;

JUICY COUTURE, INC.; KOHL'S ILLINOIS, INC.; LF, LLC; LIMITED BRANDS, INC.; LIZ

CLAIBORNE, INC.; LOWES COMPANIES, INC.; LOWES HOME CENTERS, INC.;

MAPQUEST, INC.; MUSICIAN'S FRIEND, INC.; NORDSTROM, INC.; ONESTOP

INTERNET, INC.; ORIENTAL TRADING COMPANY, INC.;  PATAGONIA, INC.; QVC,

INC.; RAMPAGE CLOTHING COMPANY, INC.; RECREATIONAL EQUIPMENT, INC.;

REDBOX AUTOMATED RETAIL, LLC;  RESTORATION HARDWARE, INC.;  SONY

CORPORATION OF AMERICA; SONY ELECTRONICS INC.; SOUTHWEST AIRLINES,

INC.; STAPLES, INC.; SUNGLASS HUT INTERNATIONAL, INC.; TARGET

CORPORATION; THE NEIMAN MARCUS GROUP, INC.; THE NORTH FACE, INC.; THE

ORVIS COMPANY, INC.; TIFFANY & CO.; TRIPADVISOR LLC; US AIRWAYS, INC.; VF OUTDOOR, INC.; WILLIAMS-SONOMA, INC.; WOMEN'S APPAREL GROUP, LLC D/B/A BOSTON APPAREL GROUP, LLC; AND ZAPPOS RETAIL, INC. (collectively "Defendants").

## PARTIES

1.     Parallel Networks LLC ("Parallel Networks" or "Plaintiff") is a Texas Limited Liability Company with its place of business at 100 E. Ferguson Street, Suite 602 in Tyler, Texas.

2.     Defendant AEO, INC.; is, on information and belief, a corporation with a place of business in Pittsburgh, Pennsylvania.

3.     Defendant AEO MANAGEMENT CO.; is, on information and belief, a corporation with a place of business in Pittsburgh, Pennsylvania.

4.     Defendant AMWAY CORPORATION D/B/A AMWAY GLOBAL; is, on information and belief, a corporation with a place of business in Alticor, Michigan.

5.     Defendant AMERICAN EAGLE OUTFITTERS, INC. is, on information and belief, a corporation with a place of business in Pittsburgh, Pennsylvania.

6.     Defendant AOL, INC. is, on information and belief, a corporation with a place of business in New York, New York.

7.     Defendant BARNES & NOBLE, INC. is, on information and belief, a corporation with a place of business in New York, New York.

8.     Defendant BARNESANDNOBLE.COM, LLC is, on information and belief, a corporation with a place of business in New York, New York.

9. Defendant BASS PRO, INC. is, on information and belief, a corporation with a place of business in Springfield, Missouri.

10. Defendant BASS PRO SHOPS OUTDOORS ONLINE, LLC is, on information and belief, a corporation with a place of business in Springfield, Missouri.

11. Defendant BESTBUY, INC. is, on information and belief, a corporation with a place of business in Richfield, Minnesota.

12. Defendant BORDERS GROUP, INC. is, on information and belief, a corporation with a place of business in Ann Arbor, Michigan.

13. Defendant BRAWN, LLC. is, on information and belief, a corporation with a place of business in Hanover, Pennsylvania.

14. Defendant CABELA'S INC. is, on information and belief, a corporation with a place of business in Sidney, Nebraska.

15. Defendant COLDWATER CREEK, INC. is, on information and belief, a corporation with a place of business in Coeur d'Alene, Idaho.

16. Defendant CONTINENTAL AIRLINES, INC. is, on information and belief, a corporation with a place of business in Houston, Texas.

17. Defendant DELTA AIRLINES, INC. is, on information and belief, a corporation with a place of business in Atlanta, Georgia.

18. Defendant FOOTLOCKER, INC. is, on information and belief, a corporation with a place of business in New York, New York.

19. Defendant FOOTLOCKER.COM. is, on information and belief, a corporation with a place of business in New York, New York.

20.     Defendant GENERAL MOTORS COMPANY is, on information and belief, a corporation with a place of business in Detroit, Michigan.

21.     Defendant GOOGLE, INC. is, on information and belief, a corporation with a place of business in Mountain View, California.

22.     Defendant HAYNEEDLE, INC. is, on information and belief, a corporation with a place of business in Omaha, Nebraska.

23.     Defendant ICONIX BRAND GROUP, INC. is, on information and belief, a corporation with a place of business in New York, New York.

24.     Defendant IP HOLDINGS, LLC is, on information and belief, a corporation with a place of business in New York, New York.

25.     Defendant JUICY COUTURE, INC. is, on information and belief, a corporation with a place of business in Arleta, California.

26.     Defendant KOHL'S ILLINOIS, INC. is, on information and belief, a corporation with a place of business in Menomonee Falls, Wisconsin.

27.     Defendant LF, LLC is, on information and belief, a corporation with a place of business in Mooresville, North Carolina.

28.     Defendant LIMITED BRANDS, INC, is, on information and belief, a corporation with a place of business in Columbus, Ohio.

29.     Defendant LIZ CLAIBORNE, INC. is, on information and belief, a corporation with a place of business in New York, New York.

30.     Defendant LOWES COMPANIES, INC. is, on information and belief, a corporation with a place of business in Mooresville, North Carolina.

31.     Defendant LOWES HOME CENTERS, INC. is, on information and belief, a corporation with a place of business in Mooresville, North Carolina.

32.     Defendant MAPQUEST, INC. is, on information and belief, a corporation with a place of business in Denver, Colorado.

33.     Defendant MUSICIAN'S FRIEND, INC. is, on information and belief, a corporation with a place of business in Medford, Oregon.

34.     Defendant NORDSTROM, INC. is, on information and belief, a corporation with a place of business in Seattle, Washingon.

35.     Defendant ONESTOP INTERNET, INC. is, on information and belief, a corporation with a place of business in Los Angeles, California.

36.     Defendant ORIENTAL TRADING COMPANY, INC. is, on information and belief, a corporation with a place of business in Omaha, Nebraska.

37.     Defendant PATAGONIA, INC. is, on information and belief, a corporation with a place of business in Ventura, California.

38.     Defendant QVC, INC. is, on information and belief, a corporation with a place of business in West Chester, Pennsylvania.

39.     Defendant RAMPAGE CLOTHING COMPANY, INC. is, on information and belief, a corporation with a place of business in Commerce, California.

40.     Defendant RECREATIONAL EQUIPMENT, INC. is, on information and belief, a corporation with a place of business in Kent, Washington.

41.     Defendant REDBOX AUTOMATED RETAIL, LLC is, on information and belief, a corporation with a place of business in Oakbrook Terrace, Illinois.

42.     Defendant RESTORATION HARDWARE, INC. is, on information and belief, a corporation with a place of business in Corte Madera, California.

43.     Defendant SONY CORPORATION OF AMERICA is, on information and belief, a corporation with a place of business in New York, New York.

44.     Defendant SONY ELECTRONICS, INC. is, on information and belief, a corporation with a place of business in New York, New York.

45.     Defendant SOUTHWEST AIRLINES, INC. is, on information and belief, a corporation with a place of business in Dallas, Texas.

46.     Defendant STAPLES, INC. is, on information and belief, a corporation with a place of business in Framingham, Massachusetts.

47.     Defendant SUNGLASS HUT INTERNATIONAL, INC. is, on information and belief, a corporation with a place of business in Mason, Ohio.

48.     Defendant TARGET CORPORATION is, on information and belief, a corporation with a place of business in Minneapolis, Minnesota.

49.     Defendant THE NEIMAN MARCUS GROUP, INC. is, on information and belief, a corporation with a place of business in Dallas, Texas.

50.     Defendant THE NORTH FACE, INC. is, on information and belief, a corporation with a place of business in San Leandro, California.

51.     Defendant THE ORVIS COMPANY, INC. is, on information and belief, a corporation with a place of business in Sunderland, Vermont.

52.     Defendant TIFFANY & CO. is, on information and belief, a corporation with a place of business in New York, New York.

53.     Defendant TRIPADVISOR LLC is, on information and belief, a corporation with a place of business in Newton, Massachusetts.

54.     Defendant US AIRWAYS, INC. is, on information and belief, a corporation with a place of business in Tempe, Arizona.

55.     Defendant VF OUTDOOR, INC. is, on information and belief, a corporation with a place of business in Greensboro, North Carolina.

56.     Defendant WILLIAMS-SONOMA, INC. is, on information and belief, a corporation with a place of business in San Francisco, California.

57.     Defendant WOMEN'S APPAREL GROUP, LLC D/B/A BOSTON APPAREL GROUP, LLC. is, on information and belief, a corporation with a place of business in West Bridgewater, Massachusetts.

58.     Defendant ZAPPOS RETAIL, INC. is, on information and belief, a corporation with a place of business in Henderson, Nevada.

## JURISDICTION AND VENUE

1.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein.  Without limitation, on information and belief, within this state the Defendants have engaged in at least the using, or they have at least induced or contributed to the using of the accused methods and apparatuses identified herein below.  In addition, on information and belief, Defendants have derived substantial revenues from the foregoing.  Further, on information and

belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.   Further, on information and belief, Defendants are subject to the Court's personal jurisdiction at least due to their interactive websites accessible from Texas.

2.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case.   Without limitation, on information and belief, within this district the Defendants have engaged in at least the using, or they have at least induced or contributed to the using of the accused methods and apparatuses identified herein below.   In addition, on information and belief, Defendants have derived substantial revenues from the foregoing.   Further, on information and belief, Defendants are subject to personal jurisdiction in this District for at least the same reasons noted above with respect to personal jurisdiction within the State of Texas.    Further, on information and belief, Defendants are subject to the Court's personal jurisdiction in this District at least due to their interactive websites accessible from this District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,446,111

3.      United States Patent No. 6,446,111 ("the '111 patent") entitled "Method and Apparatus for Client-Serve Communications Using a Limited Capability Client Over a Low Speed Communications Network" issued on September 3, 2002.

4.      Parallel Networks is the assignee of all right, title and interest in the '111 patent. Accordingly, Parallel Networks has standing to bring this lawsuit for infringement of the '111 patent.

5.     One or more claims of the '111 patent cover, inter alia, various systems and methods comprising servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

6.     On information and belief, Defendant AEO, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.ae.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

7.     Further, on information and belief, at least since becoming aware of the '111 patent, AEO, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.ae.com by others.

8.     Upon information and belief, any such induced infringement by AEO, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve

knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

9.      Defendant AEO, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

10.      On information and belief, Defendant AEO MANAGEMENT CO. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.ae.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

11.      Further, on information and belief, at least since becoming aware of the '111 patent, AEO MANAGEMENT CO. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.ae.com by others.

12.      Upon information and belief, any such induced infringement by AEO MANAGEMENT CO. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially

made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

13.     Defendant AEO MANAGEMENT CO. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

14.     On information and belief, Defendant AMWAY CORPORATION D/B/A AMWAY GLOBAL has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.quixtar.com and/or www.quixtar-inc.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

15.     Further, on information and belief, at least since becoming aware of the '111 patent, AMWAY CORPORATION D/B/A AMWAY GLOBAL has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.quixtar.com and/or www.quixtar-inc.com by others.

16.     Upon information and belief, any such induced infringement by AMWAY CORPORATION D/B/A AMWAY GLOBAL would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or

apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

17.     Defendant AMWAY CORPORATION D/B/A AMWAY GLOBAL is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

18.     On information and belief, Defendant AMERICAN EAGLE OUTFITTERS, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.hotelclub.com and/or www.ratestogo.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

19.     Further, on information and belief, at least since becoming aware of the '111 patent, AMERICAN EAGLE OUTFITTERS, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.ae.com by others.

20.     Upon information and belief, any such induced infringement by AMERICAN EAGLE OUTFITTERS, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are

especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

21.     Defendant AMERICAN EAGLE OUTFITTERS, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

22.     On information and belief, Defendant AOL, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.mapquest.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

23.     Further, on information and belief, at least since becoming aware of the '111 patent, AOL, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.mapquest.com by others.

24.     Upon information and belief, any such induced infringement by AOL, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

25.     Defendant AOL, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

26.     On information and belief, Defendant BARNES & NOBLE, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.ebookers.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

27.     Further, on information and belief, at least since becoming aware of the '111 patent, BARNES & NOBLE, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.barnesandnoble.com by others.

28.     Upon information and belief, any such induced infringement by BARNES & NOBLE, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

29.    Defendant BARNES & NOBLE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

30.    On information and belief, Defendant BARNESANDNOBLE.COM, LLC has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.barnesandnoble.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

31.    Further, on information and belief, at least since becoming aware of the '111 patent, BARNESANDNOBLE.COM, LLC has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.barnesandnoble.com by others.

32.    Upon information and belief, any such induced infringement by BARNESANDNOBLE.COM, LLC would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

33.    Defendant BARNESANDNOBLE.COM, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

34.    On information and belief, Defendant BASS PRO, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.basspro.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

35.    Further, on information and belief, at least since becoming aware of the '111 patent, BASS PRO, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.basspro.com by others.

36.    Upon information and belief, any such induced infringement by BASS PRO, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

37.     Defendant BASS PRO, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

38.     On information and belief, Defendant BASS PRO SHOPS OUTDOORS ONLINE, LLC has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.basspro.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

39.     Further, on information and belief, at least since becoming aware of the '111 patent, BASS PRO SHOPS OUTDOORS ONLINE, LLC has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.basspro.com by others.

40.     Upon information and belief, any such induced infringement by BASS PRO SHOPS OUTDOORS ONLINE, LLC would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111

patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

41.    Defendant BASS PRO SHOPS OUTDOORS ONLINE, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

42.    On information and belief, Defendant BESTBUY, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.bestbuy.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

43.    Further, on information and belief, at least since becoming aware of the '111 patent, BESTBUY, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.bestbuy.com by others.

44.    Upon information and belief, any such induced infringement by BESTBUY, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for

use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

45.     Defendant BESTBUY, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

46.     On information and belief, Defendant BORDERS GROUP, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.borders.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

47.     Further, on information and belief, at least since becoming aware of the '111 patent, BORDERS GROUP, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.borders.com by others.

48.     Upon information and belief, any such induced infringement by BORDERS GROUP, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or

especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

49.     Defendant BORDERS GROUP, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

50.     On information and belief, Defendant BRAWN, LLC has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.undergear.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

51.     Further, on information and belief, at least since becoming aware of the '111 patent, BRAWN, LLC has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.undergear.com by others.

52.     Upon information and belief, any such induced infringement by BRAWN, LLC would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for

use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

53.     Defendant BRAWN, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

54.     On information and belief, Defendant CABELA'S, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.cabelas.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

55.     Further, on information and belief, at least since becoming aware of the '111 patent, CABELA'S, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.cabelas.com by others.

56.     Upon information and belief, any such induced infringement by CABELA'S, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially

adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

57.     Defendant CABELA'S, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

58.     On information and belief, Defendant COLDWATER CREEK, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.coldwatercreek.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

59.     Further, on information and belief, at least since becoming aware of the '111 patent, COLDWATER CREEK, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.coldwatercreek.com by others.

60.     Upon information and belief, any such induced infringement by COLDWATER CREEK, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or

especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

61.     Defendant COLDWATER CREEK, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

62.     On information and belief, Defendant CONTINENTAL AIRLINES, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.continental.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

63.     Further, on information and belief, at least since becoming aware of the '111 patent, CONTINENTAL AIRLINES, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.continental.com by others.

64.     Upon information and belief, any such induced infringement by CONTINENTAL AIRLINES, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or

especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

65.     Defendant CONTINENTAL AIRLINES, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

66.     On information and belief, Defendant DELTA AIR LINES, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.delta.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

67.     Further, on information and belief, at least since becoming aware of the '111 patent, DELTA AIR LINES, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.delta.com by others.

68.     Upon information and belief, any such induced infringement by DELTA AIR LINES, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or

especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

69.     Defendant DELTA AIR LINES, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

70.     On information and belief, Defendant FOOTLOCKER, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.footlocker.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

71.     Further, on information and belief, at least since becoming aware of the '111 patent, FOOTLOCKER, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.footlocker.com by others.

72.     Upon information and belief, any such induced infringement by FOOTLOCKER, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially

adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

73.     Defendant FOOTLOCKER, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

74.     On information and belief, Defendant FOOTLOCKER.COM has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.footlocker.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

75.     Further, on information and belief, at least since becoming aware of the '111 patent, FOOTLOCKER.COM has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.footlocker.com by others.

76.     Upon information and belief, any such induced infringement by FOOTLOCKER.COM would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially

made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

77.     Defendant FOOTLOCKER.COM is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

78.     On information and belief, Defendant GENERAL MOTORS COMPANY has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.cadillac.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

79.     Further, on information and belief, at least since becoming aware of the '111 patent, GENERAL MOTORS COMPANY has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.cadillac.com by others.

80.     Upon information and belief, any such induced infringement by GENERAL MOTORS COMPANY would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially

made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

81.     Defendant GENERAL MOTORS COMPANY is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

82.     On information and belief, Defendant GOOGLE, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.google.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

83.     Further, on information and belief, at least since becoming aware of the '111 patent, GOOGLE, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.google.com by others.

84.     Upon information and belief, any such induced infringement by GOOGLE, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for

use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

85.     Defendant GOOGLE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

86.     On information and belief, Defendant HAYNEEDLE, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.hayneedle.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such   applets being transferred over the communications link to the client device.

87.     Further, on information and belief, at least since becoming aware of the '111 patent, HAYNEEDLE, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.hayneedle.com by others.

88.     Upon information and belief, any such induced infringement by HAYNEEDLE, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially

adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

89.     Defendant HAYNEEDLE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

90.     On information and belief, Defendant ICONIX BRAND GROUP, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.rampage.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

91.     Further, on information and belief, at least since becoming aware of the '111 patent, ICONIX BRAND GROUP, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.rampage.com.

92.     Upon information and belief, any such induced infringement by ICONIX BRAND GROUP, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially

made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

93.    Defendant ICONIX BRAND GROUP, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

94.    On information and belief, Defendant IP HOLDINGS, LLC has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.rampage.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

95.    Further, on information and belief, at least since becoming aware of the '111 patent, IP HOLDINGS, LLC has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.rampage.com by others.

96.    Upon information and belief, any such induced infringement by IP HOLDINGS, LLC would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially

adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

97.     Defendant IP HOLDINGS, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

98.     On information and belief, Defendant JUICY COUTURE, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.juicycouture.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such   applets being transferred over the communications link to the client device.

99.     Further, on information and belief, at least since becoming aware of the '111 patent, JUICY COUTURE, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.juicycouture.com by others.

100.    Upon information and belief, any such induced infringement by JUICY COUTURE, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or

especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

101.    Defendant JUICY COUTURE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

102.    On information and belief, Defendant KOHL'S ILLINOIS, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.kohls.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

103.    Further, on information and belief, at least since becoming aware of the '111 patent, KOHL'S ILLINOIS, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.kohls.com by others.

104.    Upon information and belief, any such induced infringement by KOHL'S ILLINOIS, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or

especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

105.    Defendant KOHL'S ILLINOIS, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

106.    On information and belief, Defendant LF, LLC has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.lowes.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

107.    Further, on information and belief, at least since becoming aware of the '111 patent, LF, LLC has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.lowes.com by others.

108.    Upon information and belief, any such induced infringement by LF, LLC would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

109.    Defendant LF, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

110.    On information and belief, Defendant LIMITED BRANDS, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.limitedbrands.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

111.    Further, on information and belief, at least since becoming aware of the '111 patent, LIMITED BRANDS, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.limitedbrands.com by others.

112.    Upon information and belief, any such induced infringement by LIMITED BRANDS, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

113.    Defendant LIMITED BRANDS, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

114.    On information and belief, Defendant LIZ CLAIBORNE, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.juicycouture.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

115.    Further, on information and belief, at least since becoming aware of the '111 patent, LIZ CLAIBORNE, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.juicycouture.com by others.

116.    Upon information and belief, any such induced infringement by LIZ CLAIBORNE, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

117.    Defendant LIZ CLAIBORNE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

118.    On information and belief, Defendant LOWES COMPANIES, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.lowes.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

119.    Further, on information and belief, at least since becoming aware of the '111 patent, LOWES COMPANIES, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.lowes.com by others.

120.    Upon information and belief, any such induced infringement by LOWES COMPANIES, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

121.     Defendant LOWES COMPANIES, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

122.     On information and belief, Defendant LOWES HOME CENTERS, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.lowes.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

123.     Further, on information and belief, at least since becoming aware of the '111 patent, LOWES HOME CENTERS, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.lowes.com by others.

124.     Upon information and belief, any such induced infringement by LOWES HOME CENTERS, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

125.    Defendant LOWES HOME CENTERS, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

126.    On information and belief, Defendant MAPQUEST, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.mapquest.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

127.    Further, on information and belief, at least since becoming aware of the '111 patent, MAPQUEST, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.mapquest.com by others.

128.    Upon information and belief, any such induced infringement by MAPQUEST, INC.would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

129.   Defendant MAPQUEST, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

130.   On information and belief, Defendant MUSICIAN'S FRIEND, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.guitarcenter.com and/or www.musiciansfriend.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

131.   Further, on information and belief, at least since becoming aware of the '111 patent, MUSICIAN'S FRIEND, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.guitarcenter.com and/or www.musiciansfriend.com by others.

132.   Upon information and belief, any such induced infringement by MUSICIAN'S FRIEND, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

133.    Defendant MUSICIAN'S FRIEND, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

134.    On information and belief, Defendant NORDSTROM, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.nordstrom.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

135.    Further, on information and belief, at least since becoming aware of the '111 patent, NORDSTROM, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.nordstrom.com by others.

136.    Upon information and belief, any such induced infringement by NORDSTROM, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

137.   Defendant NORDSTROM, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

138.   On information and belief, Defendant ONESTOP INTERNET, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.rampage.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

139.   Further, on information and belief, at least since becoming aware of the '111 patent, ONESTOP INTERNET, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.rampage.com by others.

140.   Upon information and belief, any such induced infringement by ONESTOP INTERNET, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

141.    Defendant ONESTOP INTERNET, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

142.    On information and belief, Defendant ORIENTAL TRADING COMPANY, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.orientaltrading.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

143.    Further, on information and belief, at least since becoming aware of the '111 patent, ORIENTAL TRADING COMPANY, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.orientaltrading.com by others.

144.    Upon information and belief, any such induced infringement by ORIENTAL TRADING COMPANY, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

145.     Defendant ORIENTAL TRADING COMPANY, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

146.     On information and belief, Defendant PATAGONIA, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.patagonia.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such   applets being transferred over the communications link to the client device.

147.     Further, on information and belief, at least since becoming aware of the '111 patent, PATAGONIA, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.patagonia.com by others.

148.     Upon information and belief, any such induced infringement by PATAGONIA, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

149.     Defendant PATAGONIA, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

150.     On information and belief, Defendant QVC, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.qvc.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

151.     Further, on information and belief, at least since becoming aware of the '111 patent, QVC, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.qvc.com by others.

152.     Upon information and belief, any such induced infringement by QVC, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

153.     Defendant QVC, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

154.    On information and belief, Defendant RAMPAGE CLOTHING COMPANY, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.rampage.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

155.    Further, on information and belief, at least since becoming aware of the '111 patent, RAMPAGE CLOTHING COMPANY, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.rampage.com by others.

156.    Upon information and belief, any such induced infringement by RAMPAGE CLOTHING COMPANY, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

157.    Defendant RAMPAGE CLOTHING COMPANY, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

158.    On information and belief, Defendant RECREATIONAL EQUIPMENT, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.rei.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

159.    Further, on information and belief, at least since becoming aware of the '111 patent, RECREATIONAL EQUIPMENT, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.rei.com by others.

160.    Upon information and belief, any such induced infringement by RECREATIONAL EQUIPMENT, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

161.    Defendant RECREATIONAL EQUIPMENT, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

162.    On information and belief, Defendant REDBOX AUTOMATED RETAIL, LLC has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.redbox.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

163.    Further, on information and belief, at least since becoming aware of the '111 patent, REDBOX AUTOMATED RETAIL, LLC has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.redbox.com US by others.

164.    Upon information and belief, any such induced infringement by REDBOX AUTOMATED RETAIL, LLC would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

165.    Defendant REDBOX AUTOMATED RETAIL, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

166.   On information and belief, Defendant RESTORATION HARDWARE, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.restorationhardware.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

167.   Further, on information and belief, at least since becoming aware of the '111 patent, RESTORATION HARDWARE, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.restorationhardware.com by others.

168.   Upon information and belief, any such induced infringement by RESTORATION HARDWARE, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

169.   Defendant RESTORATION HARDWARE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

170.     On information and belief, Defendant SONY CORPORATION OF AMERICA has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.sonystyle.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

171.     Further, on information and belief, at least since becoming aware of the '111 patent, SONY CORPORATION OF AMERICA has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.sonystyle.com by others.

172.     Upon information and belief, any such induced infringement by SONY CORPORATION OF AMERICA would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

173.     Defendant SONY CORPORATION OF AMERICA is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

174.    On information and belief, Defendant SONY ELECTRONICS INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.sonystyle.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

175.    Further, on information and belief, at least since becoming aware of the '111 patent, SONY ELECTRONICS INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.sonystyle.com by others.

176.    Upon information and belief, any such induced infringement by SONY ELECTRONICS INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

177.    Defendant SONY ELECTRONICS INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

178.    On information and belief, Defendant SOUTHWEST AIRLINES, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.southwest.com which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

179.    Further, on information and belief, at least since becoming aware of the '111 patent, SOUTHWEST AIRLINES, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.southwest.com by others.

180.    Upon information and belief, any such induced infringement by SOUTHWEST AIRLINES, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

181.    Defendant SOUTHWEST AIRLINES, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

182.   On information and belief, Defendant STAPLES, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.staples.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

183.   Further, on information and belief, at least since becoming aware of the '111 patent, STAPLES, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.staples.com by others.

184.   Upon information and belief, any such induced infringement by STAPLES, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

185.   Defendant STAPLES, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

186.    On information and belief, Defendant SUNGLASS HUT INTERNATIONAL, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.sunglasshut.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

187.    Further, on information and belief, at least since becoming aware of the '111 patent, SUNGLASS HUT INTERNATIONAL, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.sunglasshut.com by others.

188.    Upon information and belief, any such induced infringement by SUNGLASS HUT INTERNATIONAL, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

189.    Defendant SUNGLASS HUT INTERNATIONAL, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

190. On information and belief, Defendant TARGET CORPORATION has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.target.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

191. Further, on information and belief, at least since becoming aware of the '111 patent, TARGET CORPORATION has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.target.com by others.

192. Upon information and belief, any such induced infringement by TARGET CORPORATION would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

193. Defendant TARGET CORPORATION is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

194.    On information and belief, Defendant THE NEIMAN MARCUS GROUP, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.neimanmarcus.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

195.    Further, on information and belief, at least since becoming aware of the '111 patent, THE NEIMAN MARCUS GROUP, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.neimanmarcus.com by others.

196.    Upon information and belief, any such induced infringement by THE NEIMAN MARCUS GROUP, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

197.    Defendant THE NEIMAN MARCUS GROUP, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

198.    On information and belief, Defendant THE NORTH FACE, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.thenorthface.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

199.    Further, on information and belief, at least since becoming aware of the '111 patent, THE NORTH FACE, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.thenorthface.com by others.

200.    Upon information and belief, any such induced infringement by THE NORTH FACE, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

201.    Defendant THE NORTH FACE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

202.    On information and belief, Defendant THE ORVIS COMPANY, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.orvis.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

203.    Further, on information and belief, at least since becoming aware of the '111 patent, THE ORVIS COMPANY, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.orvis.com by others.

204.    Upon information and belief, any such induced infringement by THE ORVIS COMPANY, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

205.    Defendant THE ORVIS COMPANY, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

206.    On information and belief, Defendant TIFFANY & CO. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.tiffany.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

207.    Further, on information and belief, at least since becoming aware of the '111 patent, TIFFANY & CO. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.tiffany.com by others.

208.    Upon information and belief, any such induced infringement by TIFFANY & CO. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

209.    Defendant TIFFANY & CO. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

210.    On information and belief, Defendant TRIPADVISOR LLC has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.tripadvisor.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

211.    Further, on information and belief, at least since becoming aware of the '111 patent, TRIPADVISOR LLC has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.tripadvisor.com by others.

212.    Upon information and belief, any such induced infringement by TRIPADVISOR LLC would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

213.    Defendant TRIPADVISOR LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

214.    On information and belief, Defendant US AIRWAYS, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.usairways.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

215.    Further, on information and belief, at least since becoming aware of the '111 patent, US AIRWAYS, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.usairways.com by others.

216.    Upon information and belief, any such induced infringement by US AIRWAYS, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

217.    Defendant US AIRWAYS, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

218.   On information and belief, Defendant VF OUTDOOR, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.northface.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

219.   Further, on information and belief, at least since becoming aware of the '111 patent, VF OUTDOOR, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.northface.com by others.

220.   Upon information and belief, any such induced infringement by VF OUTDOOR, INC.would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

221.   Defendant VF OUTDOOR, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

222.     On information and belief, Defendant WILLIAMS-SONOMA, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.williams-sonoma.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

223.     Further, on information and belief, at least since becoming aware of the '111 patent, WILLIAMS-SONOMA, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.williams-sonoma.com by others.

224.     Upon information and belief, any such induced infringement by WILLIAMS-SONOMA, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

225.     Defendant WILLIAMS-SONOMA, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

226.    On information and belief, Defendant WOMEN'S APPAREL GROUP, LLC D/B/A BOSTON APPAREL GROUP, LLC has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.williams-sonoma.com which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

227.    Further, on information and belief, at least since becoming aware of the '111 patent, WOMEN'S APPAREL GROUP, LLC D/B/A BOSTON APPAREL GROUP, LLC has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.williams-sonoma.com by others.

228.    Upon information and belief, any such induced infringement by WOMEN'S APPAREL GROUP, LLC D/B/A BOSTON APPAREL GROUP, LLC would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

229.    Defendant WOMEN'S APPAREL GROUP, LLC D/B/A BOSTON APPAREL GROUP, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

230.    On information and belief, Defendant ZAPPOS RETAIL, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.zappos.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

231.    Further, on information and belief, at least since becoming aware of the '111 patent, ZAPPOS RETAIL, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.zappos.com by others.

232.    Upon information and belief, any such induced infringement by ZAPPOS RETAIL, INC.  would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

233.    Defendant ZAPPOS RETAIL, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

234.    As a result of Defendants' infringing conduct, Defendants should be held liable to Parallel Networks in an amount that adequately compensates Parallel Networks for their infringement, which, by law, can be no less than a reasonable royalty.

235.    On information and belief, Defendants have had at least constructive notice of the '111 patent by operation of law, and there are no marking requirements that have not been complied with.

236.    Parallel Networks reserves the right to take discovery regarding pre-suit notice of the '111 patent by AEO, INC.; AEO MANAGEMENT, CO.; AMWAY CORPORATION D/B/A AMWAY GLOBAL; AMERICAN EAGLE OUTFITTERS, INC.;   AOL, INC.; BARNES & NOBLE, INC.; BARNESANDNOBLE.COM, LLC; BASS PRO, INC.; BASS PRO SHOPS OUTDOORS ONLINE, LLC; BESTBUY, INC.; BORDERS GROUP, INC.; BRAWN, LLC; CABELA'S, INC.; COLDWATER CREEK, INC.; CONTINENTAL AIRLINES, INC.; DELTA AIR LINES, INC.; FOOTLOCKER, INC.; FOOTLOCKER.COM; GENERAL MOTORS COMPANY; GOOGLE, INC.; HAYNEEDLE, INC.; ICONIX BRAND GROUP, INC.; IP HOLDINGS, LLC; JUICY COUTURE, INC.; KOHL'S ILLINOIS, INC.; LF, LLC; LIMITED BRANDS, INC.; LIZ CLAIBORNE, INC.; LOWES COMPANIES, INC.; LOWES HOME CENTERS, INC.;  MAPQUEST, INC.; MUSICIAN'S FRIEND, INC.; NORDSTROM, INC.;  ONESTOP  INTERNET,  INC.;  ORIENTAL  TRADING  COMPANY,  INC.; PATAGONIA,  INC.;  QVC,  INC.;  RAMPAGE  CLOTHING  COMPANY,  INC.; RECREATIONAL  EQUIPMENT,  INC.;  REDBOX  AUTOMATED  RETAIL,  LLC; RESTORATION  HARDWARE,  INC.;   SONY  CORPORATION  OF  AMERICA;  SONY

ELECTRONICS INC.; SOUTHWEST AIRLINES, INC.; STAPLES, INC.; SUNGLASS HUT INTERNATIONAL, INC.; TARGET CORPORATION; THE NEIMAN MARCUS GROUP, INC.; THE NORTH FACE, INC.; THE ORVIS COMPANY, INC.; TIFFANY & CO.; TRIPADVISOR LLC; US AIRWAYS, INC.; VF OUTDOOR, INC.; WILLIAMS-SONOMA, INC.; WOMEN'S APPAREL GROUP, LLC D/B/A BOSTON APPAREL GROUP, LLC; AND ZAPPOS RETAIL, INC. In any event, on information and belief, Parallel Networks contends that, at a minimum, such Defendants continuing infringement of the '111 patent during the pendency of this suit is willful, including because their infringement is clear and, at a minimum, such continued infringement would necessarily be an objectively reckless act.

## PRAYER FOR RELIEF

WHEREFORE, Parallel Networks respectfully requests that this Court enter:

1.     A judgment in favor of Parallel Networks that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '111 patent;

2.     A judgment that the Defendants' infringement is and/or has been willful and objectively reckless;

3.     A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '111 patent;

4.     A judgment and order requiring Defendants to pay Parallel Networks its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '111 patent as provided under 35 U.S.C. § 284;

5.      An award to Parallel Networks for enhanced damages as provided under 35 U.S.C. § 284;

6.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Parallel Networks its reasonable attorneys' fees; and

7.      Any and all other relief to which Parallel Networks may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

June 1, 2010                                   Respectfully submitted,

                                              PARALLEL NETWORKS LLC

                                              By: /s/ John J. Edmonds_____
                                              John J. Edmonds – LEAD COUNSEL
                                              Texas State Bar No. 00789758
                                              Michael J. Collins
                                              Texas Bar No. 04614510
                                              Henry M. Pogorzelski
                                              Texas Bar No. 24007852
                                              COLLINS, EDMONDS & POGORZELSKI, PLLC
                                              709 Sabine Street
                                              Houston, Texas 77007
                                              Telephone: (713) 501-3425
                                              Facsimile: (832) 415-2535
                                              jedmonds@cepiplaw.com
                                              mcollins@cepiplaw.com
                                              hpogorzelski@cepiplaw.com

                                              Andrew W. Spangler
                                              State Bar No. 24041960
                                              Spangler Law P.C.
                                              208 N. Green Street, Suite 300
                                              Longview, Texas 75601
                                              (903) 753-9300
                                              (903) 553-0403 (fax)
                                              spangler@spanglerlawpc.com

                                              ATTORNEYS FOR PLAINTIFF
                                              PARALLEL NETWORKS LLC