**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Parallel Networks, LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>AEO, INC., et al.<br><br>         Defendants. | Case No. 6:10-cv-00275-LED<br><br>Jury Trial Demanded |

**PLAINTIFF PARALLEL NETWORKS'S OPPOSITION TO THE NEIMAN MARCUS GROUP, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i
TABLE OF AUTHORITIES ................................................................................................... ii
I. SUMMARY OF THE ARGUMENT ............................................................................. 1
II. INTRODUCTION ............................................................................................................ 2
    A. U.S. Patent No. 6,446,111 ...................................................................................... 3
    B. Allegation of Infringement .................................................................................... 4
III. THE APPLICABLE LAW ............................................................................................. 7
IV. PARALLEL NETWORKS'S COMPLAINT FULLY COMPLIES WITH THE APPLICABLE LAW ..................................................................................................... 10
    A. Parallel Networks's Accusation of Direct Infringement is Properly Pled ..................... 10
    B. Parallel Networks's Accusation of Indirect Infringement is Properly Pled ................... 12
    C. Parallel Networks's Accusation of Willful Infringement is Properly Pled .................... 14
    D. Neiman Marcus's Request For a More Definitive Statement Should be Denied .......... 15
CONCLUSION ....................................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) ............................................................................................................. 8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................ 8, 9

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*,
   116 F.3d 1364 (11th Cir. 1997) ............................................................................................. 7

*Campbell v. Wells Fargo Bank*,
   781 F.2d 440 (5th Cir. 1986) ................................................................................................. 7

*Clear with Computers, LLC v. Bergdorf Goodman, Inc.*,
   C.A. No. 6:09-cv-481, slip op. (E.D. Tex. Mar. 29, 2010) ............................................. 7, 8, 9

*Doe v. MySpace*,
   528 F.3d 413 (5th Cir. 2008) ................................................................................................. 7

*Eidos Comms., LLC v. Skype Techs. SA*,
   686 F.Supp.2d 465 (D.Del. 2010) ........................................................................................ 11

*Eolas Techs., Inc. v. Adobe Systems, Inc.*,
   C.A. No. 6:09-cv-446, slip op. (E.D. Tex. May 6, 2010) ............................................. 7, 9, 11

*Fotomedia Techs., LLC v. AOL*,
   C.A. No. 2:07-CV-255, slip op. (E.D. Tex. Aug. 29, 2008, adopted Sept, 24, 2008) .......... 9, 13

*In re Seagate Tech.*,
   497 F.3d 1360 (Fed.Cir. 2007) ............................................................................................ 14

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*,
   677 F.2d 1045 (5th Cir. 1982) ............................................................................................... 7

*Lowery v. Texas A&M Univ. Sys.*,
   117 F.3d 242 (5th Cir. 1997) ................................................................................................. 7

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed.Cir. 2007) ..................................................................................... passim

*Photometrics, Inc. v. Hospitality Franchise Systems*,
   203 F.3d 790 (Fed.Cir. 2000) ............................................................................................ 7, 8

*Xpoint Technologies, Inc. v. Microsoft Corp.*,
   C.A. No. 09-628-SLR, slip op. (D.Del. Aug. 12, 2010) .................................................. 9, 11

**Statutes**

35 U.S.C. §271(a) ...................................................................................................................... 12

**Rules**

Form 18, Fed.R.Civ.P. ..................................................................................................... 8, 9, 11
Rule 8(a)(2), Fed.R.Civ.P. .......................................................................................................... 8
Rule 9(b), Fed.R.Civ.P. ....................................................................................................... 10, 13
Rule 11(c)(2), Fed.R.Civ.P. ...................................................................................................... 10
Rule 12(b)(6), Fed.R.Civ.P. ........................................................................................................ 7
Rule 84, Fed.R.Civ.P. ................................................................................................................. 8

Plaintiff Parallel Networks, LLC ("Parallel Networks") hereby responds to and opposes The Neiman Marcus Group, Inc.'s ("Neiman Marcus") Motion to Dismiss for Failure to State a Claim or, in the Alternative, for a More Definite Statement (D.I. 279, "Neiman Marcus Motion"). Neiman Marcus asks this Court to dismiss Parallel Networks's accusation that Neiman Marcus directly, indirectly and willfully infringes U.S. Patent No. 6,446,111 ("the '111 patent"). For the reasons discussed below, Neiman Marcus's motion should be denied.

## I.   SUMMARY OF THE ARGUMENT

Neiman Marcus's motion should be denied:

1. On the issue of direct infringement, Parallel Networks's allegation of direct infringement complies with the admittedly sufficient pleading requirements as set forth in Form 18, Fed.R.Civ.P. ("Form 18"). In accordance with Form 18, a patent infringement complaint is sufficient as here if it recites four elements. Neiman Marcus concedes that three elements have been properly pled, challenging the sufficiency of just one element: a statement that Neiman Marcus has been infringing the '111 patent by making and using a generally identified system or method. Contrary to Neiman Marcus's contention, the complaint identifies the directly infringing acts: the system operating the website at www.neimanmarcus.com is the system that infringes one or more claims of the '111 patent (a website that Neiman Marcus does not deny that it owns and operates). Neiman Marcus asserts that the complaint is deficient because its website does not have a "server" and that some additional identification beyond the website itself is required. The assertion that the website does not use a server is dead wrong. The website itself states: "When you visit this Web Site, our web *server* automatically collect [sic] anonymous information…." (http://www.neimanmarcus.com/category/assistance/service/security.jhtml (emphasis added)). Finally, Neiman Marcus's contention that it is entitled to some undefined additional more definite pleading is contrary to law because patent

infringement complaints usually do not and are not required to specifically plead elements of the asserted claims and apply those elements to the accused instrumentality.

2.   On the issue of indirect infringement, contrary to Neiman Marcus's argument, the complaint clearly identifies Neiman Marcus as an indirect infringer through its acts of making and using the identified website.  The direct infringers here are the "others" who use the website, a reference to Neiman Marcus's customers that use the accused website.  In an attempt to support its motion to dismiss, Neiman Marcus further contends that Parallel Networks's pleading is deficient because Parallel Networks did not identify any specific claim in the '111 patent.  Even though such identification is not required by law, the complaint recites that Neiman Marcus is infringing at least the elements of claim 1, a fact that can be easily seen by comparing the infringement allegation (D.I. 1, Original Complaint for Patent Infringement and Prayer for Relief ("Complaint") at ¶194) with the language of claim 1.  Indeed, Neiman Marcus admits that the complaint put Neiman Marcus on notice that it has been infringing claim 1.  (D.I. 279, Neiman Marcus Motion at 6 (In ¶194, the Complaint "paraphrases the language of claim 1….")).  And contrary to Neiman Marcus's argument, the appropriate element of intent has been properly pled for indirect infringement.  For all of these reasons, Neiman Marcus's motion should be denied.

3.   On the issue of willful infringement, Neiman Marcus argues that the complaint does not allege that Neiman Marcus was a willful infringer prior to the filing of the complaint. (D.I. 279, Neiman Marcus Motion at 10).  That is incorrect.  The complaint clearly alleges that, prior to the filing of the complaint, Neiman Marcus "has been" a willful infringer.  (D.I. 1, Complaint at ¶2).

## II.   INTRODUCTION

The patent at issue, the '111 patent, was filed on June 18, 1999, and issued on September 3, 2002.  It is entitled "Method and Apparatus for Client-Server Communication Using a Limited

Capability Client Over a Low-Speed Communications Link." (D.I. 1, Complaint, p.9 at ¶3, Exh. A). Parallel Networks owns all right, title and interest in the '111 patent. (*Id.* at p. 9, ¶4). This Court has subject matter jurisdiction over this patent infringement action and venue is proper in this district. (*Id.* at pp. 8-9, ¶¶1-2).

### A.     U.S. Patent No. 6,446,111

The '111 patent is directed to, *inter alia*, websites that operate systems and methods that allow a server to receive a request from a Neiman Marcus customer using a "client device"; in response, the Neiman Marcus server at www.neimanmarcus.com then generates an "applet" that is transferred back to the client device. Contrary to Neiman Marcus's argument, its website freely admits that it uses a server to respond to a client request. (*See* http://www.neimanmarcus.com/category/assistance/service/security.jhtml). The client device may be any type of computing device, including a personal computer, a personal digital assistant, a mobile phone, or other handheld device (*e.g.*, D.I. 1, Complaint at Exh. A, '111 patent at col. 8, ll. 14-18, 21-24, col. 9, ll. 49-50). An applet as disclosed and claimed in the '111 patent is a particular type of computer program that is generated by the server at the website and is then sent to the client device along with data that responds to the client request. For example, if a customer wants to purchase a particular type of article from Neiman Marcus, the accused website will provide the client with an applet with data responsive to the type of article requested, along with the capabilities of browsing or performing operations on that data. (*See*, *e.g.*, D.I. 1, Complaint at Exh. A, '111 patent at col. 2, ll. 55-65).

As disclosed in the '111 patent, the patented invention provides many advantages over the prior art. (*Id.* at col. 2, ll. 55 – col. 3, ll. 22). One advantage of the patented invention is that it allows for the decrease of the total amount of data transferred between the client and the server thus allowing for increased speed and efficiency. (*Id.* at col. 3, ll. 11-17). Another advantage of

3

the invention is that it allows the client using a computing device that has limited storage capabilities to initiate and complete the transaction without having to load and store a variety of support programs that may be required by the server. (*Id.* at col. 2, ll. 67 – col. 3, ll. 5). Another advantage is that resources of the client device can be freed by discarding the applet after the transaction. (*Id.* at col. 3, ll. 6-10). Yet another advantage of the patented invention is the efficiency created by the avoidance of transmitting duplicate data. (*Id.* at col. 3, ll. 17-23). Because of these powerful advantages that can be achieved in the use of the patented invention, Parallel Networks believes that the '111 patent is being widely infringed. Indeed, as the complaint establishes, the invention can be used for websites in a wide variety of business models, including movie, clothing, automobiles, and general and specialty retailers along with entities providing services such as banking, auction, design, travel, and entertainment services.

    **B.**    **Parallel Networks's Allegation of Infringement**

At present, Parallel Networks accuses Neiman Marcus of infringing claim 1 of the '111 patent. (D.I. 1, Complaint at ¶194). Parallel Networks intends to assert additional claims and will identify those claims in a timely fashion after the Court's case management conference or at such other time as may be appropriate or required by the Court.

Claim 1 of the '111 patent recites the following elements:

> A data processing system comprising:
>
>> a server coupled to a communications link and operable to receive a request from a client device and to collect a plurality of data items, wherein the data items comprise specific information collected as a function of the request;
>>
>> an executable applet dynamically generated by the server in response to the request, a constituent system associated with the applet comprising a subset of the data items, each data item in the subset used as at lease [*sic*, least] one pre-loaded value in the applet;

> a further constituent system associated with the applet comprising a data interface capability configured to provide a plurality of operations on the pre-loaded values, the operations comprising operations associated with the subset of the data items; and
>
> the applet operable to be transferred over the communications link to the client device.

(D.I. 1, Exh. A, '111 patent at col. 17, ll. 47-65).

The direct infringement accusation against Neiman Marcus follows claim 1 and alleges:

> 194. On information and belief, Defendant NEIMAN MARCUS GROUP, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.neimanmarcus.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

(D.I. 1, Complaint at ¶194). It is clear that in reciting the elements of claim 1 in the Complaint, Neiman Marcus was put on notice that Neiman Marcus is accused of infringing claim 1. Even Neiman Marcus recognized that this paragraph referred to claim 1. (D.I. 279, Neiman Marcus Motion at 6 (In ¶194, the Complaint "paraphrases the language of claim 1….")). Parallel Networks put Neiman Marcus on notice with respect to claim 1 even though a patentee need not identify any infringed claim in the complaint. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed.Cir. 2007)

On the issue of indirect infringement, Parallel Networks pleads as follows:

> 195. Further, on information and belief, at least since becoming aware of the '111 patent, NEIMAN MARCUS GROUP, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in

5

> connection with inducing or contributing to making and/or using of www.neimanmarcus.com by others.
>
> 196. Upon information and belief, any such induced infringement by NEIMAN MARCUS GROUP, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.
>
> 197. Defendant NEIMAN MARCUS GROUP, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

(D.I. 1, Complaint at ¶¶195-197). Plainly, the Complaint alleges that Neiman Marcus as a direct infringer is also an indirect infringer by inducing or contributing to the using of its website at www.neimanmarcus.com by "others," *i.e.*, Neiman Marcus's customers. The customers in Parallel Networks's accusation of indirect infringement are plainly the direct infringers. The requisite level of intent required for the assertion of contributory infringement is also alleged, as is the relevant statute (35 U.S.C. §271). (*Id.*).

On the issue of willful infringement, Parallel Networks pleads as follows:

> 236. * * * In any event, on information and belief, Parallel Networks contends that, at a minimum, such Defendants continuing infringement of the '111 patent during the pendency of this suit is willful, including because their infringement is clear and, at a minimum, such continued infringement would necessarily be an objectively reckless act.

(D.I. 1, Complaint at ¶236). While Neiman Marcus alleges that Parallel Networks only charges it with post-complaint willful infringement, that is simply not so. The prayer for relief clearly states that Neiman Marcus "***has*** been willful and objectively reckless" in its willful infringement. (D.I. 1, Complaint at Prayer for Relief ¶2 (emphasis added)). The Complaint therefore clearly states that Neiman Marcus willfully infringed pre-complaint (and continues to willfully infringe post-complaint).

6

## III.   THE APPLICABLE LAW

The applicable law is well-settled.  Regional circuit law applies to motions to dismiss for the failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P.  *McZeal*, 501 F.3d at 1355-56; *Eolas Techs., Inc. v. Adobe Systems, Inc.*, C.A. No. 6:09-cv-446, slip op. at 2-4 (E.D. Tex. May 6, 2010) (Davis, J.) (Doc. 282); *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, C.A. No. 6:09-cv-481, slip op. at 2-4 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (Doc. 77).  The standard for deciding a Rule 12(b)(6) motion has been summarized by the Court of Appeals for the 5th Circuit as follows:

> A motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986).  The district court may not dismiss a complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Lowery v. Texas A&M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997) (citations omitted); *see Photometrics, Inc. v. Hospitality Franchise Systems*, 203 F.3d 790, 793-794 (Fed.Cir. 2000) ("the dismissal standard is extraordinary and one not to be taken lightly;" a motion to dismiss "is viewed with disfavor and rarely granted."  "Dismissal of a claim… is a precarious disposition with a high mortality rate." (*citing and quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997))).  Therefore, the central issue is—in the light most favorable to Parallel Networks and with the complaint liberally construed in its favor and with every doubt resolved on its behalf—whether Neiman Marcus has satisfied its burden of showing that the complaint pleads no claim upon which relief can be granted.  *McZeal*, 501 F.3d at 1356; *Doe v. MySpace*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. What is required in a complaint are allegations sufficient to show that the complainant is plausibly entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007) ("[W]e do not require heightened fact pleadings of specifics, but only enough facts to state a claim to relief that is plausible on its face."). In deciding whether a complaint states a plausible claim for relief is a context-specific task that requires this Court "to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim of patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (*citing Twombly*, 550 U.S. at 565 n.10). To that end, the Federal Rules provide specific guidance for pleading in patent infringement actions. Rule 84, Fed.R.Civ.P., provides forms in an appendix that give examples of correct and sufficient pleadings. In patent infringement actions, Form 18, Fed.R.Civ.P., provides an example of a proper and sufficient patent infringement complaint. Form 18, Fed.R.Civ.P. (2007); *see also McZeal*, 501 F.3d at 1356-57 (describing the requirements of the form (current Form 18 was previously numbered Form 16 prior to the revision of the Federal Rules in 2007)); *Clear with Computers*, C.A. No. 6:09-cv-481, slip op. at 3; *accord Photometrics*, 203 F.3d at 793-794.

In accordance with Form 18, only the following is required: (1) an allegation of jurisdiction; (2) a statement that plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling or using an identified system or method; and (4) a demand for an injunction and damages. *McZeal*, 501 F.3d at 1357; *see also Xpoint Technologies, Inc. v. Microsoft Corp.*, C.A. No. 09-628-SLR, slip op. at 4 (D.Del. Aug. 12,

2010) (interpreting Form 18 to require the same elements). Form 18 is addressed generally to the pleading requirements of direct infringement but it also provides guidance on the pleading requirements for indirect infringement. *See, e.g.*, *Fotomedia Techs., LLC v. AOL*, C.A. No. 2:07-CV-255, slip op. at 3-4 (E.D. Tex. Aug. 29, 2008, adopted Sept, 24, 2008). Importantly, Neiman Marcus agrees that a complaint that pleads the above elements identified in Form 18 is sufficient under the law.[1]

A plaintiff is not required to specifically include each element of the asserted patent's claims or even identify which claims it is asserting; nor is it required to describe how the allegedly infringing products work. *See McZeal*, 501 F.3d at 1357; *Xpoint*, C.A. No. 09-628-SLR, slip op. at 5; *Eolas Techs.*, C.A. No. 6:09-cv-446, slip op. at 4. As the court in *McZeal* observed, all a plaintiff ordinarily has access to at this stage of the litigation is public information and knowledge. *McZeal*, 501 F.3d at 1358; *Xpoint*, C.A. No. 09-628-SLR, slip op. at 5. Therefore, a plaintiff cannot be expected to allege factual details directed to how an infringing system or method works. "[T]he specifics of how [defendant's] purportedly infringing device works is something to be determined through discovery." *McZeal*, 501 F.3d at 1358; *Xpoint*, C.A. No. 09-628-SLR, slip op. at 5. Thus, Neiman Marcus gains nothing from Parallel Networks's assertion in the complaint that it expects in discovery to acquire more information that bears on Neiman Marcus's infringement.

The issue here is whether Parallel Networks's complaint puts Neiman Marcus on notice so that it can defend itself, not the nature of Parallel Networks's pre-filing investigation. For that

---

[1] Nor could Neiman Marcus have argued otherwise. The pertinent authorities have uniformly held that the Supreme Court's decisions in *Twombly* and *Iqbal* did not affect the applicability of Form 18. *Eolas Techs.*, C.A. No. 6:09-cv-446, slip op. at 3; *see Clear with Computers*, C.A. No. 6:09-cv-481, slip op. at 3. To hold otherwise would render Rule 84 and Form 18 invalid, which cannot be done by judicial action. *See Twombly*, 550 U.S. at 569 n.14; *Eolas Techs.*, C.A. No. 6:09-cv-446, slip op. at 3.

reason, Neiman Marcus's apparent reliance on Rule 11 should be dismissed. In any event, it is Neiman Marcus, not Parallel Networks, that failed to comply with Rule 11. That is so because the assertion that an action does not comply with Rule 11 requires the complaining party to first give notice to the opposing party *prior to filing with the court*, allowing that party 21 days to correct (or withdraw) the pleading. Rule 11(c)(2), Fed.R.Civ.P. Neiman Marcus never even bothered to attempt to comply with Rule 11 by giving Parallel Networks 21 days' notice—*or any notice at all*—before filing its motion. In short, Neiman Marcus's Rule 11 argument is an irrelevant distraction that should be dismissed.

With respect to pleading intent or knowledge, it is well settled under Rule 9(b), Fed.R.Civ.P., that "intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b), Fed.R.Civ.P. Neiman Marcus never cites Rule 9(b) and therefore does not dispute its applicability.

## IV. PARALLEL NETWORKS'S COMPLAINT FULLY COMPLIES WITH THE APPLICABLE LAW

As shown below, Parallel Networks's complaint complies with the pleading requirements for direct infringement and indirect infringement.

### A. Parallel Networks's Accusation of Direct Infringement is Properly Pled

It is undisputed that Parallel Networks has made a proper allegation of jurisdiction (D.I. 1, Complaint at p.8, ¶1), further stating that it owns the patent (*id*. at p.9, ¶4), making a demand for injunction and damages (*id*. at ¶234, Prayer for Relief), and thus giving Neiman Marcus notice of its infringing activities (*id*. at ¶¶194-197). In support of its motion, Neiman Marcus contends only that the complaint does not comply with the third element of Form 18, which requires the identification of the alleged infringing system. This assertion is incorrect.

In accordance with 18, all that is required is a general identification of the accused system; no further detail is required. Form 18, Fed.R.Civ.P. As the courts have consistently held, the identification of a general category of infringing systems is sufficient, and it is not necessary to identify specific products, *e.g.*, model names. *Xpoint,* C.A. No. 09-628-SLR, slip op. at 5; *Eidos Comms., LLC v. Skype Techs. SA*, 686 F.Supp.2d 465, 469 (D.Del. 2010); *Eolas Techs.*, C.A. No. 6:09-cv-446, slip op. at 4. Parallel Networks fully complied with Form 18 by identifying the accused website as www.neimanmarcus.com, a website that Neiman Marcus does not deny that it owns and operates. This identification is sufficient under the law. *Eolas Techs.*, C.A. No. 6:09-cv-446, slip op. at 4 ("Although JPMorgan contends that Eolas does not adequately specify how JPMorgan directly infringes, Eolas does identify the accused instrumentality as JPMorgan's website. Given the nature of the patents, this is a sufficient identification.").

Neiman Marcus offers two arguments in an attempt to somehow rebut the plain sufficiency of Parallel Networks's pleading in accordance with Form 18. First, Neiman Marcus argues that the identification of a website is insufficiently specific. That assertion is contrary to law. *Id.* Secondly, Neiman Marcus alleges that the "allegedly infringing system cannot be a website as a website does not have a server or a client device or a 'constituent system.'" (D.I. 279, Neiman Marcus Motion at 6). This is plainly an improper attempt to argue Neiman Marcus's non-infringement position but it is also wrong. The accused website that Neiman Marcus operates has all three elements: a server operable to receive requests from a client device that dynamically generates an applet with a constituent system, and that is capable of being connected to the client device. (*See, e.g.,* http://www.neimanmarcus.com/category/

11

assistance/service/security.jhtml ("our web server" collects information in response to the client requests that are returned to the client)).

### B. Parallel Networks's Accusation of Indirect Infringement is Properly Pled

Neiman Marcus's offers four arguments in an attempt to dismiss the allegation of indirect infringement.

First, Neiman Marcus argues that Parallel Networks failed to identify a direct infringer. This argument is specious. Neiman Marcus's indirect infringement occurs as follows: Neiman Marcus induces infringement and contributorily infringes by providing the accused system at www.neimanmarcus.com for use by Neiman Marcus's customers. (D.I. 1, Complaint at ¶59 ("…inducing or contributing to… [the] *using* of www.neimanmarcus.com by others") (emphasis added)). As explained above, the system at www.neimanmarcus.com is accused of infringing all of the elements of claim 1 and, therefore, customers using the accused system (users of www.neimanmarcus.com) are the direct infringers in Parallel Networks's charge of indirect infringement against Neiman Marcus. *See* 35 U.S.C. §271(a). Neiman Marcus is unequivocally aware of these direct infringers and has been put on notice of what it must defend against. *See McZeal*, 501 F.3d at 1357.

Secondly, Neiman Marcus argues that "the complaint fails to identify the allegedly infringing system or method…." (D.I. 279, Neiman Marcus Motion at 9). Specifically, Neiman Marcus contends that the complaint fails to identify the entities that use servers, client devices, executable applets, constituent systems and communications links. As Neiman Marcus well knows, Neiman Marcus operates the accused instrumentality (www.neimanmarcus.com) that runs on one or more servers that generate an executable applet and a constituent system that is sent to the client via a communication link to the client's device.

Neiman Marcus's third meritless contention is that it does not know what claim is asserted against it. (D.I. 279, Neiman Marcus Motion at 9). This argument should be rejected for two reasons. First, as shown above, Form 18 does not at all require the identification of the asserted claims. Secondly, Parallel Networks here has pled more than is required. Here, the complaint alleges infringement of all of the elements of claim 1 as even Neiman Marcus admits. (D.I. 279, Neiman Marcus Motion at 6 (Paragraph 194 "paraphrases the language of claim 1….")). Other defendants, such as Southwest Airlines Co., have also recognized the obvious fact that Parallel Networks at present is charging the defendants with infringement of claim 1. (*See* D.I.264, Southwest Airlines Co.'s Counterclaims p. 5 at ¶5). *See*, *e.g.*, *McZeal*, 501 F.3d at 1357 (referring to the predecessor to Form 18 (formerly Form 16)); *Fotomedia Techs.*, C.A. 2:07-CV-255, slip op. at 3-4.

Neiman Marcus alleges as a final contention that the requisite degree of intent as needed for indirect infringement has not been properly pled. In the first instance, it is of course well settled and not disputed by Neiman Marcus that "intent, knowledge and other conditions of a person's mind may be alleged generally." Rule 9(b), Fed.R.Civ.P. Under the undisputable standard of Rule 9(b), Parallel Network's pleading is more than sufficient:

> 60.     Upon information and belief, any such induced infringement by NEIMAN MARCUS GROUP, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

(D.I. 1, Complaint at ¶60). Parallel Networks therefore properly pled the requisite level of intent for the accusation of induced infringement (aiding or abetting infringement by making its website available to end users) and contributory infringement (Neiman Marcus's knowledge that

13

its accused website is not a staple article or commodity of commerce, and that is especially adapted for use in its infringing activities). For these reasons, Neiman Marcus's attempt to dismiss the charge of indirect infringement should be rejected.

### C. Parallel Networks's Accusation of Willful Infringement is Properly Pled

In Neiman Marcus's attempt to seek dismissal of Parallel Networks's charge of willful infringement, Neiman Marcus offers just one argument: that Parallel Networks did not plead that Neiman Marcus's willful infringement occurred pre-complaint. (D.I. 279, Neiman Marcus Motion at 10). In addition, Neiman Marcus argues that Neiman Marcus's post-filing infringement (*citing In re Seagate Tech.,* 497 F.3d 1360 (Fed.Cir. 2007)) cannot as a matter of law form the basis for a charge of willful infringement. (D.I. 279, Neiman Marcus Motion at 10). Neiman Marcus is wrong on both arguments.

The complaint alleges pre-complaint willful infringement in the prayer for relief requesting a "judgment that the Defendants' infringement "**has been** willful and objectively reckless…." (D.I. 1, Complaint at ¶236, Prayer for Relief at ¶2 (emphasis added)). Thus, because Parallel Networks's complaint alleges that Neiman Marcus's infringement "has been" willful—clearly pre-complaint activities—Neiman Marcus's motion with respect to willful infringement should be denied for this reason.

It should also be noted that another error is Neiman Marcus's assertion that *Seagate* held that post-filing conduct cannot ever form the basis for a finding of willful infringement. (D.I. 279, Neiman Marcus Motion at 10). On the contrary, *Seagate* makes abundantly clear that until a patentee has been granted a motion for a preliminary injunction to halt post-filing infringement, a willfulness accusation based on conduct after the litigation began is sustainable, depending on the particular facts of the case. *Seagate,* 797 F.3d at 1374 ("We also recognize that in some cases a patentee may be denied a preliminary injunction despite establishing a likelihood of

success on the merits…. In that event, whether a willfulness claim based on conduct occurring solely after litigation began is sustainable will depend on the facts of each case.").

### D. Neiman Marcus's Request For a More Definitive Statement Should be Denied

A complaint by a patentee "need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357. As explained above, Parallel Networks sufficient pled a claim for direct infringement, indirect infringement, and willful infringement. For that reason, Neiman Marcus's request for a more definite statement should be denied.

### CONCLUSION

For the foregoing reasons, Neiman Marcus's motion should be denied.

Dated: August 23, 2010

Respectfully submitted,

By: /s/ Andrew W. Spangler
Andrew W. Spangler
State Bar No. 24041960
Spangler Law P.C.
208 N. Green St., Suite 300
Longview, TX 75601
Telephone: (903) 753-9300
Facsimile: (903) 553-0403
Email:spangler@spanglerlawpc.com

George S. Bosy (*pro hac vice*)
David R. Bennett (*pro hac vice*)
Bosy & Bennett
3712 N. Broadway
P.O. Box 659
Chicago, IL 60613
Telephone: (773) 281-3826
Email: gbosy@bosybennett.com
dbennett@bosybennett.com

ATTORNEYS FOR PLAINTIFF
PARALLEL NETWORKS, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 23rd day of August, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                      /s/ Andrew W. Spangler
                                      Andrew W. Spangler