**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| PARALLEL NETWORKS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:10-cv-00275 LED |
| ) | |
| AEO, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**THE NEIMAN MARCUS GROUP, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e), Defendant The Neiman Marcus Group, Inc. ("Neiman Marcus") files this reply in support of its Motion to Dismiss ("Motion") (Dkt. No. 279) Parallel Networks, LLC's ("Parallel Networks") claims for direct, indirect, and willful infringement or, in the alternative, a Motion for a More Definite Statement, and in response to Parallel Networks' Opposition ("Opposition") (Dkt. No. 341).

**ARGUMENT**

In its Opposition, Parallel Networks attempts to distract the Court from the issue at hand – whether its Complaint includes sufficiently specific allegations to support its claims of direct, indirect, and willful patent infringement. Despite Parallel Networks' repeated use of the terms *plain* and *clear*, its Complaint is anything but plain or clear. Parallel Networks' Complaint should be dismissed for failure to state a claim or, at a minimum, it should be required to file a more definite statement.

I.  **Parallel Networks' Claim of Direct Infringement Should be Dismissed**

Parallel Networks acknowledges that its Complaint merely identifies the allegedly infringing system as a "website." This is akin to merely asserting that Neiman Marcus sells a "product," without any more specificity. Out of fairness to the defendants, more is required of plaintiffs asserting claims of direct patent infringement, particularly where the claims of the patent clearly do not cover a "website."

The Complaint fails to identify any product offered, or service or operation provided, by Neiman Marcus's website that allegedly infringes the '111 Patent. Under the law in this District, such vague references to an accused instrumentality are insufficient to satisfy the requirements of Rule 8 or the suggested form of pleading under Form 18. *See Realtime Data, LLC v. Morgan Stanley*, No. 6:09-cv-00326, slip op. at 6 (E.D. Tex. May 7, 2010) (Love, J.) (Doc. No. 168) (adopted by Davis, J. on June 10, 2010) (reference to "one or more data compression products and/or services" found to be insufficiently vague); *Landmark Technology LLC v. Aeropostale, et al.*, 6:09-cv-00262, slip op. at 5 (E.D. Tex. March 29, 2010) (Davis, J.) (Doc. No. 122) (identifying the accused product as a "electronic commerce system" is insufficient to meet the requirements of Form 18).

Parallel Networks cites to *Eolas* for the proposition that reciting a website as the accused instrumentality is sufficient. *Eolas v. Adobe, et al.*, 6:09-cv-446, slip op. at 4-5 (E.D. Tex. May 6, 2010 (Davis, J) (Dkt. No. 282). However, there are some key distinctions between *Eolas* and this Parallel Networks case. First, the description of the accused instrumentality in the complaint filed in *Eolas* was more descriptive than Parallel Networks' Complaint in that it identified "web pages and content to be interactively presented in browsers . . . software that allows content to be interactively presented in and/or served to browsers . . . computer equipment that stores, serves,

and/or runs any of the foregoing." *Id.* at 2. More importantly, the description of the accused instrumentality in *Eolas* identified hardware and software components, as opposed to merely reciting ambiguous language from the patent claims. Finally, the decision in *Eolas* was based at least in part on the nature of the patents involved in that case. The two patents in *Eolas* involved method and computer readable media claims as opposed to the "data processing system" of claim 1 of the '111 patent. A patent plaintiff accusing one of directly making or using a data processing system should be required to identify the accused instrumentality in more sufficient detail than simply reciting the language of the patent claim.

Parallel Networks misconstrues Neiman Marcus' position by asserting that Neiman Marcus suggests that patent plaintiffs are "required to specifically plead elements of the asserted claims and apply those elements to the accused instrumentality." (Opposition at 2) Neiman Marcus did not advance this position. The issue is that the Complaint fails to properly identify the accused instrumentality – not whether Parallel Networks took the next step of applying claim terms to such instrumentality. Parallel Networks also accused Neiman Marcus of failing to comply with Rule 11 by not providing notice to Parallel Networks. (Opposition at 10) Neiman Marcus did not file a motion for sanctions, thereby triggering the notice requirements of Rule 11(c)(2). Neiman Marcus did not accuse Parallel Networks of failing to comply with Rule 11, but rather assumes that Parallel Networks conducted the requisite pre-suit investigation and, therefore, should have been able to properly state a claim for direct, indirect and willful patent infringement.

Recognizing that its Complaint fails to properly plead direct patent infringement, Parallel Networks improperly attempts to buttress its allegations by referring to materials outside of the Complaint. (Opposition at 11-12) A motion to dismiss under Rule 12(b)(6) must be decided on

the basis of the Complaint itself, without reference to any extraneous materials. *See Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). Instead of illustrating the sufficiency of its Complaint, Parallel Networks attempts to confuse the issue by, for example, proclaiming that Neiman Marcus' assertion that its website does not use a server is wrong. (Opposition at 1). Again, Parallel Networks misstates Neiman Marcus' position – Neiman Marcus did not state that it does not make use of servers. But, a server as a hardware element, is much different than a "website," which is known to those in the industry as a collection of software components and data. Parallel Networks' misstatement serves to highlight the insufficiency of its allegations – the claims of the '111 patent require the use of hardware elements, yet Parallel Networks appears to desire to identify the accused instrumentality as merely a website. The issue pending in this Motion is not whether Neiman Marcus's website uses a server, but whether Parallel Networks has pled facts sufficient to state a claim for relief – by specifically identifying the allegedly infringing instrumentality, namely identifying the particular features of Neiman Marcus's website that allegedly infringe the '111 patent.

Parallel Networks' Complaint should have identified the particular features or operations of the website that allegedly infringe the '111 patent.

## II. Parallel Networks' Claim of Indirect Infringement Should Also be Dismissed

Parallel Networks' Complaint fails to identify any of the information required to support a claim of indirect infringement. *See, e.g., Eolas v. Adobe, et al.*, 6:09-cv-446, slip op. at 4-5 (E.D. Tex. May 6, 2010 (Davis, J) (Dkt. No. 282); *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, slip op. at 4-5 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (Dkt. No.

77); *Bedrock Computers Technologies, LLC v. Softlayer Technologies, Inc.,* 6:09-cv-269, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (Dkt. No. 189).

First, the Complaint fails to specifically identify the alleged direct infringers. In its Opposition, Parallel Networks claims for the first time that the vague wording "others" in its Complaint refers to Neiman Marcus's customers. (*See* Opposition at 12) If this is Parallel Networks' assertion, then in order to properly state a claim for indirect patent infringement, this allegation was required to be placed in the Complaint – not in an opposition to a motion to dismiss.

Second, as explained above, the Complaint fails to specifically identify the accused instrumentality. In opposition to the fact that it has not identified which system or method indirectly infringes the '111 patent, Parallel Networks states, "As Neiman Marcus well knows, Neiman Marcus operates the accused instrumentality (www.neimanmarcus.com)..." Merely stating that Neiman Marcus knows that it operates a website does not adequately address Parallel Networks' failure to adequately identify the instrumentality involved in the alleged indirect infringement the '111 patent.

Third, in opposition to the fact that Parallel Networks does not identify which claims of the '111 patent are allegedly indirectly infringed, it claims that "…Neiman Marcus admits that the Complaint put Neiman Marcus on notice that it has been infringing claim 1." (Opposition at 2). Neiman Marcus made no such admission. Merely using language from the claims of the patent in the Complaint does not satisfy the requirement to identify which claims of the patent-in-suit are allegedly indirectly infringed.

Finally, the Complaint fails to allege any facts regarding Neiman Marcus's intent to induce or contribute to the infringement of the '111 patent. Parallel Networks' Opposition fails

to point to any factual allegations contained in the Complaint, instead drawing attention to ¶60 of the Complaint, which only contains legal conclusions about what Parallel Networks contends that Neiman Marcus's alleged infringement would "necessarily involve."

### III.     Parallel Networks' Claim of Willful Infringement Should be Dismissed As Well

It is irrefutable that a willfulness claim asserted in the original Complaint must be based on the accused infringer's pre-filing conduct.  *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc).  The Complaint simply fails to allege any **facts** related to Neiman Marcus' pre-filing conduct.  Instead, Parallel Networks draws the Court's attention to ¶236 of the Complaint, which includes the legal conclusion that the defendants' pre-suit conduct "has been willful," which is not sufficient to support a claim of willful infringement.  With respect to post-suit conduct, the Complaint is also completely devoid of any factual allegations as acknowledged in Parallel Networks' Opposition.

### IV.     At a Minimum, Parallel Networks Should be Required to Provide a More Definite Statement

Even if the Court does not dismiss Parallel Networks' Complaint, Parallel Networks should, at a minimum, be required to file a more definite statement.  Parallel Networks' Complaint is so vague and ambiguous that Neiman Marcus cannot possibly adequately respond and prepare its defense.  *See* Fed. R. Civ. P. 12(e).  Thus, Parallel Networks should have to provide a more definite statement.

### **CONCLUSION**

Parallel Networks' Complaint should be dismissed, or, at a minimum, it should be required to file a more definite statement.

Respectfully submitted,

/s/ Daniel A. Crowe
Daniel A. Crowe (admitted *pro hac vice*)
dacrowe@bryancave.com
BRYAN CAVE LLP
One Metropolitan Square
211 N. Broadway, Ste. 3600
St. Louis, Missouri 63102
Tele. (314) 259-2000
Facs. (314) 259-2020

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, PC
110 North College
Suite 500
Tyler, Texas 75702
Tele. (903) 597-8311
Facs. (903) 593-0846

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via ECF, in accordance with the Federal Rules of Civil Procedure, on this 2nd day of September, 2010.

/s/ Daniel A. Crowe
Daniel A. Crowe