UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PARALLEL NETWORKS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:10–cv–275 (LED) |
| | ) | |
| | ) | |
| AEO, INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COLDWATER'S MOTION TO SEVER AND TRANSFER

Pursuant to Fed. R. Civ. P. 21, Defendant Coldwater Creek Inc. ("Coldwater") moves the Court to sever all claims against Coldwater from the above–captioned action (the "–275 Action") and transfer those claims to the pending action in this Court filed by Plaintiff Parallel Networks, LLC ("Parallel") against similarly–situated defendants, *Parallel v. Adidas America, Inc.*, Case No. 10–cv–491 (the "–491 Action"). In the alternative, Coldwater requests that the discovery limits set forth in the Discovery Order to be issued by the Court in the –491 Action be made applicable to Coldwater in the –275 Action.

## ARGUMENT

Coldwater seeks unusual relief because it finds itself in an unusual situation—caught between the cracks of Parallel's four separate lawsuits against more than 100 defendants under the same patent. Given these numbers, it is little wonder that there are differences of opinion among different defendants, and defendant groups, over what limits on discovery are appropriate to each of their unrelated circumstances. The end result of the negotiating process is that

Coldwater finds itself in agreement with the defendants in the –491 Action on appropriate discovery limitations, and out of step with the other defendants in the –275 Action. Through no fault or action of its own, Coldwater finds itself the victim of Parallel's decision to sue Coldwater in the –275 Action, rather than the –491 Action. Coldwater submits that Parallel's decision to assign Coldwater to the –275 Action—which does not appear to have been based on any commonalities among the defendants—should not seal Coldwater's fate in discovery.

"District court judges have broad discretion in managing their own dockets." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 211 (5th Cir. 2010); *cf.* Fed. R. Civ. P. 42 (authorizing consolidation or separate trials). Likewise, courts have broad discretion to sever under Fed. R. Civ. P. 21. *See Anderson v. Red River Waterway Comm'n,* 231 F.3d 211, 214 (5th Cir. 2000); *accord Adrain v. Genetec Inc.,* 2009 WL 3063414, *1 (E.D. Tex. Sept. 22, 2009). The relief Coldwater seeks is minimal—not that any claim against it be dismissed, or that the case against it be transferred out of this district or courthouse. Coldwater's request is rather that it be reassigned to a similarly–situated case against similarly–situated defendants under the same patent in which the defendants have taken positions on discovery that Coldwater believes better suit its needs and protect its interests in mounting its defense.

The distinctions with a difference are these. *First*, in the proposed discovery order agreed to by the other parties in the –275 Litigation, Parallel and Coldwater's co–defendants have agreed to a limitation on interrogatories to fifteen common per side, and *seven* per party; the parties in the –491 Litigation have agreed to fifteen common, and *ten* per–party interrogatories. *Second*, the other –275 parties have agreed to a total of fourteen collective hours of Rule 30(b)(6) deposition testimony by Plaintiff plus two additional hours per defendant with a hard cap of 56 hours; the –491 defendants have reached an impasse with Parallel over the total number of hours

2

of 30(b)(6) interrogatories, proposing fourteen collective hours, plus five additional hours per defendant. *Third*, the other –275 parties have agreed to a total of 125 hours of Rule 30(b)(1) depositions; the –491 parties have agreed to 150 hours of such depositions.

Were there some connective tissue among the defendants in each of the separate cases (alignment by industry, accused instrumentality, or even common counsel), then Coldwater might have agreed to accept the more stringent discovery limits in the –275 Action. But that is not the case. Although the same patent–in–suit appears in both cases, Coldwater, a women's clothing retailer, has more in common with defendants in the –491 Action, such as Chico's, Bloomingdales, J. Jill, and Macy's (also women's clothing retailers) than with Continental Airlines or Google, its co–defendants in the –275 Action. Under the current haphazard assignment of defendants, there is no principled reason why Coldwater should receive less discovery than Chico's, because of the case number in the caption. Indeed, under the current set–up, Coldwater will receive fewer interrogatories and less deposition time than defendants in the –491 Action represented by its own counsel.

Neither Parallel nor any other party would suffer any prejudice from the reassignment of Coldwater to the –491 Action. Parallel would be able to maintain its claims against Coldwater as before. The remaining defendants in the –275 Action would continue to move forward under discovery constraints they were willing to agree to. And the defendants in the –491 Action would move forward under discovery constraints either agreed to or set by the Court. Thus, the relief Coldwater seeks would benefit Coldwater at no other party's expense. Under such circumstances, Coldwater respectfully requests either a severance out of the –275 Action and a transfer into the –491 Action, or, alternatively, the application of the –491 Action's discovery limits to Coldwater in the –275 Action.

## CONCLUSION

For the reasons set forth above, Coldwater respectfully requests that all claims against it be severed from the above–captioned litigation and transferred to the –491 Action. In the alternative, Coldwater seeks that the discovery limits in the Discovery Order entered in the –491 Action be made applicable to it in the –275 Action.

Dated: February 8, 2011                  Respectfully submitted,

Jennifer Parker Ainsworth
(State Bar No. 00784720)
jainsworth@wilsonlawfirm.com
**WILSON, ROBERTSON & CORNELIUS, P.C.**
One American Center
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
(903) 509–5000

/s/ David Swetnam–Burland
Peter J. Brann
pbrann@brannlaw.com
David Swetnam–Burland
dsb@brannlaw.com
Stacy O. Stitham
sstitham@brannlaw.com
**BRANN & ISAACSON**
184 Main Street; P.O. Box 3070
Lewiston, ME 04243–3070
(207) 786–3566

*Attorneys for Defendant Coldwater Creek Inc.*

**CERTIFICATE OF SERVICE**

I certify that on February 8, 2011, the foregoing document was filed electronically in compliance with Local Rule CV–5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV–5(a)(3)(A).

/s/ David Swetnam–Burland
David Swetnam–Burland

**CERTIFICATE OF CONFERENCE**

Counsel for Coldwater has complied with the "meet and confer" requirement of Local Rule CV–7(h). Parallel opposes Coldwater's motion to sever and transfer.

On February 8, 2011, the undersigned spoke with counsel for Parallel by telephone. Counsel for Coldwater explained Coldwater's position that Coldwater should not be subject to more stringent discovery limitations than similarly–situated defendants in a sister case filed in this Court, and accordingly sought agreement to a severance and transfer (or, alternatively, that the discovery limits of the –491 Action be applied to Coldwater in the –275 Action). Parallel's counsel explained that it would not agree to either of these proposals. Discussions ended in an impasse, leaving an open issue for the court to resolve.

/s/ David Swetnam–Burland
David Swetnam–Burland