IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **PARALLEL NETWORKS LLC** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 6:10-CV-275 |
| | § | PATENT CASE |
| | § | |
| AEO, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendant Coldwater Creek, Inc.'s ("Coldwater") Motion to Dismiss Plaintiff's Indirect Infringement Claims (Docket No. 179) and Defendant Neiman Marcus's Motion to Dismiss Plaintiff's Direct, Indirect, and Willful Infringement Claims (Docket No. 279). Having considered the parties' written submissions, the Court **GRANTS the motions in part**.

## BACKGROUND

In its Complaint, Parallel Networks, LLC ("Parallel") accuses fifty defendants of infringing U.S. Patent No. 6,446,111, entitled "Method and Apparatus for Client-Server Communication Using a Limited Capability Client over a Low-Speed Communications Link." Only Coldwater and Neiman Marcus move to dismiss Parallel's complaint. Parallel makes substantially the same infringement allegations against each defendant:

> On information and belief, [DEFENDANT] has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at [WEBSITE ADDRESS], which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically

generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

Further, on information and belief, at least since becoming aware of the '111 patent, [DEFENDANT] has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of [WEBSITE] by others.

Upon information and belief, any such induced infringement by [DEFENDANT] would necessarily involve intent for the direct infringement of the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

Neiman Marcus contends the direct, indirect, and willful allegations are all insufficient. Coldwater contends the allegations of indirect infringement are insufficient under *Twombly* and *Iqbal*.

## APPLICABLE LAW

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *Bell Atl. Corp. v.*

*Twombly*, 550 U.S 544, 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50, 1953 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8). "Determining whether the complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Under Rule 84, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." FED. R. CIV. P. 84. Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading:

(Caption—See Form 1.)

1. (Statement of Jurisdiction--See Form 7.)
2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
Therefore, the plaintiff demands:
(a) a preliminary and final injunction against the continuing infringement;
(b) an accounting for damages; and
(c) interest and costs.
(Date and sign—See Form 2.)

FED. R. CIV. P. Form 18 (2007); *see also McZeal*, 501 F.3d at 1356–57 (describing the requirements of the 2006 form, then Form 16).

The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of

3

complying with Form 18. To hold otherwise would render Rule 84 and Form 18 invalid. This cannot be the case. *See Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation); *McZeal*, 501 F. at 1360 (Dyk, J., concurring-in-part and dissenting-in-part) ("I agree that under Rule 84 of the Federal Rules of Civil Procedure, we would be required to find that a bare allegation of literal infringement in accordance with Form 16 would be sufficient under Rule 8 to state a claim. One can only hope that the rulemaking process will eventually result in eliminating the form, or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations.") (footnote omitted); *see also Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 at *2 (N.D. Cal. Sept. 14, 2009) ("It is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal* . . . . Under Rule 84 of the Federal Rules of Civil Procedure, however, a court must accept as sufficient any pleading made in conformance with the forms."). *But see Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 (Fed. Cir. 2009) (unpublished) (in dicta, questioning the viability of Form 18).

Thus, a patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face. *See* FED. R. CIV. P. 84. However, a complaint that does not perfectly comply with Form 18 may still suffice to state a claim that is plausible on its face. The Court determines whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

**ANALYSIS**

*Direct Infringement*

Parallel's direct infringement claims against Neiman Marcus comply with Form 18 and therefore satisfy Rule 8's pleading requirements. Although Neiman Marcus contends that Parallel does not adequately identify the allegedly infringing system or method, Parallel does identify the accused instrumentality as Neiman Marcus's website. Given the nature of the patents, this is a sufficient identification.

*Indirect Infringement*

Form 18 does not expressly address indirect infringement claims, and courts are split on the pleading requirements of indirect infringement. *Compare PA Advisors v. Google Inc.*, 2008 WL 4136426 at *8 (E.D. Tex. Aug. 8, 2008)(Folsom, J.) (granting a motion for more definite statement requiring the plaintiff to at least generically identify the end user) *with Fotomedia Techs., LLC v. AOL, LLC*, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (Everingham, Mag.) (denying motion to dismiss indirect infringement because neither the sample complaint form nor the Federal Circuit require pleading every element of a claim for indirect infringement).

Although Rule 8 does not require detailed factual support for each element of indirect infringement, Parallel has not alleged a direct infringer in relation to its indirect infringement claims. *See PA Advisors*, 2008 WL 4136426 at *8 (requiring only the pleading of direct infringers and not other "material elements"). The mere identification of "others" as direct infringers is insufficient. Further, Parallel does not identify which claims are indirectly infringed. Taken as a whole, Parallel's indirect infringement claims are insufficient to state a claim for relief that is plausible on its face.

*Willfulness Claims*

Nieman Marcus also argues that Parallel's willfulness claim is insufficient because Parallel has not disclosed the factual basis for its allegations. Under ordinary circumstances, willfulness will largely depend on an infringer's pre-litigation conduct. *In re Seagate Tech, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc) (hereafter "*Seagate*"). Therefore, "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *Id*. In discussing the good faith basis for a willfulness claim, the Federal Circuit specifically requires that a patentee meet the requirements of Federal Rules 8(a) and 11(b) at the time the original complaint is filed. *Id*. With regard to willfulness, Parallel's Complaint reads:

> 235. On information and belief, Defendants have had at least constructive notice of the '111 patent by operation of law, and there are no marking requirements that have not been complied with.
>
> 236. Parallel Networks reserves the right to take discovery regarding pre-suit notice of the '111 patent by [DEFENDANTS]. In any event, on information and belief, Parallel Networks contends that, at a minimum, such Defendants continuing infringement of the '111 patent during the pendency of this suit is willful, including because their infringement is clear and, at a minimum, such continued infringement would necessarily be an objectively reckless act.

These statements lack a factual basis indicating that Parallel is entitled to relief, and the willfulness allegations further fall short of the "good faith" evidentiary basis required by Rule 11(b). *Seagate* clearly requires a patentee to do more than suggest that more definite allegations are to follow once discovery is underway.

## CONCLUSION

Parallel's direct infringement claims against Defendants satisfy Rule 8, but its indirect infringement and willfulness claims do not. Accordingly, the Court **GRANTS** in part Coldwater's

and Neiman Marcus's motions to dismiss as to these claims and **GRANTS** Parallel Networks leave to amend its complaint within fifteen days.

**So ORDERED and SIGNED this 10th day of February, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**