IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Parallel Networks, LLC, | |
| Plaintiff, | No. 6:10-cv-00275-LED |
| v. | Jury Trial Demanded |
| AEO, Inc., *et al.*, | |
| Defendants | |

**PARALLEL NETWORKS'S OPPOSITION TO
COLDWATER'S MOTION TO SEVER AND TRANSFER**

Parallel Networks, LLC ("Parallel Networks") hereby opposes the motion of Coldwater Creek Inc. ("Coldwater") to sever and transfer Coldwater from this litigation ("the -275 Action") to the coordinated case no. 6:10-cv-491 ("the -491 Action") ("Coldwater's Motion," D.I. 421). Coldwater's motion is not a proper motion to sever and transfer, but is instead only a dispute over the amount of discovery in this litigation. Parallel Networks submitted a proposed Discovery Order (D.I. 423, Ex. A) and a proposed Docket Control Order (D.I. 422, Ex. A) approved by all defendants (in total 39 other defendants) except Coldwater. Coldwater's only disputes with the proposed orders are the limitations on deposition hours and the allowed number of interrogatories in the Discovery Order. Coldwater seeks to be severed from the -275 Action and transferred to the -491 Action only because of these discovery disputes. Coldwater's motion should be denied for several reasons discussed below, most importantly because Coldwater has offered no reason why it needs more discovery beyond that agreed to by the other 39 defendants in the -275 Action. Its motion should therefore be denied.

1

**I.     SUMMARY OF THE ARGUMENT**

Coldwater's motion should be denied for the following two reasons:

First, Coldwater's motion to sever and transfer under Rule 21, Fed.R.Civ.P. ("Rule 21"), should be denied because Rule 21 does not relate to resolving the underlying discovery disputes present here, *i.e.*, disputes bearing on the appropriate limits on deposition and interrogatory discovery. The issue raised by Coldwater is plainly not a Rule 21 issue but rather one directed to whether Coldwater has established its need for discovery above and beyond the limitations agreed to by Coldwater's 39 other co-defendants in the -275 Action. These discovery disputes were previously raised in the Joint Submission Regarding the Discovery Order (D.I. 427), and nothing new is raised in Coldwater's motion to sever and transfer. Coldwater's motion under Rule 21 should therefore be denied.

Coldwater's alternative motion asks that the "discovery limits in the Discovery Order entered in the coordinated -491 Action be made applicable to it in the -275 Action" (Coldwater's Motion at 4), thereby seeking more deposition time and interrogatories beyond that agreed to by all other defendants in the -275 Action. This request should be denied as excessive given that Coldwater has offered no reason at all to justify the requested additional discovery limits. As an example, all of the other co-defendants in the -275 Action (except Coldwater) have agreed to a limit of 125 collective Rule 30(b)(1) deposition hours, yet Coldwater—alone—asks for 150 collective hours, providing no reason at all for its request. And Coldwater never mentions that Parallel Networks has agreed that the defendants across all four coordinated actions may take 460 hours of Rule 30(b)(1) deposition, to the benefit of Coldwater. There is simply no need for more Rule 30(b)(1) deposition hours. Rather, the better procedure is to limit the Rule 30(b)(1) deposition hours to 125 in the -275 Action (as all of the other -275 Action defendants have agreed to), and if Coldwater has good reason after all 125 hours are used for the need for more

2

hours—no such reason being offered now—that issue can be taken up at a later time. *See, e.g., U.S. Ethernet Innovations v. Acer, Inc.*, case no. 6:09-cv-00448-JDL, slip op. at 4 (E.D. Tex. Apr. 7, 2010) (Exh. A). Similarly, Coldwater has asked for more Rule 30(b)(6) deposition hours and for more interrogatories than has been agreed to by all other -275 co-defendants; as discussed below, these requests—like Coldwater's excessive request for more Rule 30(b)(1) deposition hours—are unjustified and should therefore be denied.

**II. ARGUMENT**

Coldwater's first argument, relying on Rule 21, Fed.R.Civ.P., should be rejected given that Rule 21 is simply not the appropriate mechanism for resolving discovery disputes. Under Rule 21, the Court may surely add or drop a party or sever claims against a party for good cause shown. However, Rule 21 on its face has no applicability with respect to the resolution of discovery disputes. Indeed, Coldwater's principal reason for its request to be severed from the -275 Action and added to the -491 Action is entirely erroneous. Coldwater contends that its interests are more closely aligned with retailers of women's clothing that are defendants in the -491 Action. (Coldwater's Motion at 3.) (Coldwater specifically mentions its lack of similarity to Continental Airlines and Google who are defendants in the -275 Action.) But what Coldwater has ignored is that 18 of the 40 defendants in the -275 Action sell clothing,[1] seventeen of those sell women's clothing (like Coldwater), which by Coldwater's own theory would likely be

---

[1] Eighteen of the 40 defendants in the -275 Action have websites that sell clothing. The defendants that sell women's clothing online are: AEO Management Co./American Eagle Outfitters, Inc.; Bass Pro Outdoors Online LLC; Cabela's, Inc.; Coldwater Creek, Inc.; Iconix Brand Group, Inc./IP Holdings, Inc./Onestop Internet, Inc.; Juicy Couture, Inc./Liz Claiborne, Inc.; The Neiman Marcus Group, Inc.; Nordstrom, Inc.; Patagonia, Inc.; QVC, Inc.; Recreational Equipment, Inc.; Target Corporation; and VF Outdoors, Inc. In addition, defendant Brawn LLC is an online men's clothing retailer.

3

aligned with Coldwater's interests. In sum, on this Rule 21 issue, Coldwater is wrong on the law and wrong on the facts.

And so, we turn to the central issue here, namely, whether Coldwater is entitled to higher limitations for deposition and interrogatory discovery than have been agreed to by all of the other defendants in the -275 Action. Given that Coldwater has provided no reasons for requiring higher limits, its motion should be denied.

The following chart shows the three distinct discovery disputes here:

|  | **Discovery Limits Agreed to by Parallel Networks and All -275 Action Defendants Except Coldwater** | **Alternative Discovery Limits Proposed by Coldwater** |
|---|---|---|
| **Issue 1:** Rule 30(b)(1) dep. | Each side may take a total of 125 hours of Rule 30(b)(1) depositions. No side may exceed 14 hours of Rule 30(b)(1) deposition of any one witness. | Each side may take a total of 150 hours of Rule 30(b)(1) depositions. Defendants collectively may not exceed 14 hours of Rule 30(b)(1) deposition of any one witness. Plaintiff may not exceed 7 hours of Rule 30(b)(1) deposition of any one witness of Defendants. |
| **Issue 2:** Rule 30(b)(6) dep. | Defendants may collectively take 14 hours of Rule 30(b)(6) deposition testimony of Plaintiff; and, in addition, each Defendant may take 2 hours of Rule 30(b)(6) testimony of Plaintiff (but if there are less than 4 Defendants remaining, then the Defendants get no less than 21 hours). Defendants may not collectively exceed 56 hours of Rule 30(b)(6) deposition of Plaintiff. | Defendants may collectively take 14 hours of Rule 30(b)(6) deposition testimony of Plaintiff; and, in addition, each Defendant may take 5 hours of Rule 30(b)(6) testimony of Plaintiff. |
| **Issue 3:** Interrogatories | 15 common interrogatories per side and 7 interrogatories per party | 15 common interrogatories per side and 10 interrogatories per party |

**Issue 1.** Coldwater asks for a collective limit of 150 hours of Rule 30(b)(1) deposition, while all of the other defendants in the -275 Action have agreed to 125 hours. Having given no reason for the request for more hours, Coldwater's request should be denied, especially given the fact that across all four consolidated actions, the defendants may take 460 hours of Rule 30(b)(1) deposition to Coldwater's benefit. Parallel Networks also proposed that each side be limited to fourteen hours of Rule 30(b)(1) deposition testimony of any one witness, while Coldwater in a lopsided fashion would limit Parallel Networks to seven hours while Coldwater would be entitled to fourteen hours. This unbalanced proposal by Coldwater is illogical and unfair and should be rejected.

**Issue 2.** Parallel Networks proposed, and 39 of the 40 defendants in the -275 Action agreed, that the defendants be allowed to collectively take fourteen hours of Rule 30(b)(6) deposition testimony of Parallel Networks plus two additional hours per defendant (all above and beyond the Rule 30(b)(1) deposition hours discussed above). Coldwater again goes against all of the other defendants in the -275 Action by requesting more Rule 30(b)(6) hours while offering no reason for this purported need. And again, Coldwater will have the benefit of the many Rule 30(b)(6) deposition hours allocated to the defendants in the -111, -112 and -491 Actions (approximately 119 hours of Rule 30(b)(6) deposition across the three cases) plus 56 hours as agreed between Parallel Networks and 39 defendants in the -275 Action.[2] In addition, Coldwater does not agree to cap the total number of Rule 30(b)(6) deposition hours— whereas all of the

---

[2] The 119 hours of Rule 30(b)(6) deposition is based on the agreed Discovery Orders in all case (-111: 42 hour limit; -112: 21 hours limit) except the -491 case in which Parallel Networks has proposed a limit of 56 hours of Rule 30(b)(6). The defendants in the -491 case propose no collective limit on Rule 30(b)(6) deposition hours and therefore they propose well over 225 hours of Rule 30(b)(6) hours in the '491 case alone.

other defendants in the -275 Action have agreed to a cap the hours—to 56 hours.[3] This attempt to extract more Rule 30(b)(6) deposition hours for itself in the absence of any justification is unwarranted and unjustified.

**Issue 3.** Finally, Parallel Networks and Coldwater disagree as to the number of interrogatories that may be served. Both Parallel Networks and Coldwater agree on 15 common interrogatories per side but disagree on the number of additional (non-common) interrogatories per party. Parallel Networks believes that seven per "Party"[4] for a total of 231 non-common interrogatories for the defendants in the -275 Action is appropriate and more than sufficient. Yet Coldwater proposes that it be entitled to more interrogatories than any of the other defendants in the -275 Action. Again, Coldwater will benefit from the many interrogatories (over 600 interrogatories) allocated to the defendants in the -111, -112 and -491 Actions, plus 246 interrogatories allocated to the combined defendants in the -275 case, totaling over 850 interrogatories. Plainly, Coldwater's request is excessive and unjustified.

## CONCLUSION

For the foregoing reasons, Coldwater's motion should be denied.

Dated: February 17, 2011

Respectfully submitted,

By: */s/ Charles Craig Tadlock*
Charles Craig Tadlock
Texas State Bar No. 00791766
TADLOCK LAW FIRM
400 E. Royal Lane, Suite 290

---

[3] All defendants in the -111 Action and -112 Action, in addition to 39 of the 40 defendants in the -275 Action, have agreed to limit the number of Rule 30(b)(6) deposition hours. (-111: 42 hour limit; -112: 21 hours limit; -275: 56 hours).

[4] In the Discovery Orders, "Party" means a party and its affiliated companies. For example, Sony Corporation of America and Sony Electronics, Inc. are collectively a single "Party." Therefore, in the -275 Action, of the 40 defendants, there are 33 "Parties."

        Irving, Texas 75039
        214-785-6014 (phone)
        craig@tadlocklawfirm.com
         and
        315 N. Broadway, Suite 307
        Tyler, Texas 75702
        903-283-2758 (phone)

        George S. Bosy (*pro hac vice*)
        David R. Bennett (*pro hac vice*)
        Bosy & Bennett
        300 N. La Salle St.
        49th Floor
        Chicago, IL 60654
        Telephone: (312) 803-0437
        Email: gbosy@bosybennett.com
              dbennett@bosybennett.com

        ATTORNEYS FOR PLAINTIFF
        PARALLEL NETWORKS, LLC

## **CERTIFICATE OF SERVICE**

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 17th day of February, 2011, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

        */s/ Charles Craig Tadlock*
        One of the Attorneys for Parallel Networks, LLC