**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| PARALLEL NETWORKS, LLC, | |
| Plaintiff, | Civil Action No. 6:10-cv-00275-LED |
| v. | Jury Trial Demanded |
| AEO MANAGEMENT CO.; AMERICAN EAGLE OUTFITTERS, INC.; AOL, INC.; BARNES & NOBLE, INC.; BARNESANDNOBLE.COM LLC; BASS PRO, INC.; BASS PRO OUTDOORS ONLINE, LLC; BORDERS GROUP, INC.; BRAWN, LLC; CABELA'S INCORPORATED; COLDWATER CREEK INC.; CONTINENTAL AIRLINES, INC.; DELTA AIR LINES, INC.; GOOGLE INC.; ICONIX BRAND GROUP, INC.; IP HOLDINGS, LLC; JUICY COUTURE, INC.; LIZ CLAIBORNE, INC.; LOWES HOME CENTERS, INC.; MAPQUEST, INC.; MUSICIAN'S FRIEND, INC.; THE NEIMAN MARCUS GROUP, INC.; NORDSTROM, INC.; ONESTOP INTERNET, INC.; PATAGONIA, INC.; QVC, INC.; RECREATIONAL EQUIPMENT, INC.; REDBOX AUTOMATED RETAIL, LLC; RESTORATION HARDWARE, INC.; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; SOUTHWEST AIRLINES CO.; STAPLES, INC.; TARGET CORPORATION; TIFFANY AND COMPANY; TRIPADVISOR, LLC; US AIRWAYS, INC.; VF OUTDOOR, INC.; WILLIAMS-SONOMA, INC. and ZAPPOS RETAIL, INC. | |
| Defendants. | |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Parallel Networks, LLC files this Amended Complaint for Patent Infringement against AEO MANAGEMENT CO.; AMERICAN EAGLE OUTFITTERS, INC.; AOL, INC.; BARNES & NOBLE, INC.; BARNESANDNOBLE.COM LLC; BASS PRO, INC.; BASS PRO OUTDOORS ONLINE, LLC; BORDERS GROUP, INC.; BRAWN, LLC; CABELA'S INCORPORATED; COLDWATER CREEK INC.; CONTINENTAL AIRLINES, INC.; DELTA AIR LINES, INC.; GOOGLE INC.; ICONIX BRAND GROUP, INC.; IP HOLDINGS, LLC; JUICY COUTURE, INC.; LIZ CLAIBORNE, INC.; LOWES HOME CENTERS, INC.; MAPQUEST, INC.; MUSICIAN'S FRIEND, INC.; THE NEIMAN MARCUS GROUP, INC.; NORDSTROM, INC.; ONESTOP INTERNET, INC.; PATAGONIA, INC.; QVC, INC.; RECREATIONAL EQUIPMENT, INC.; REDBOX AUTOMATED RETAIL, LLC; RESTORATION HARDWARE, INC.; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; SOUTHWEST AIRLINES CO.; STAPLES, INC.; TARGET CORPORATION; TIFFANY AND COMPANY; TRIPADVISOR, LLC; US AIRWAYS, INC.; VF OUTDOOR, INC.; WILLIAMS-SONOMA, INC. and ZAPPOS RETAIL, INC. (collectively "Defendants").

## THE PARTIES

1.      Parallel Networks LLC ("Parallel Networks" or "Plaintiff") is a Texas Limited Liability Company with its place of business at 100 E. Ferguson Street, Suite 602 in Tyler, Texas.

2.      On information and belief, Defendant AEO MANAGEMENT CO. is a company with a place of business in Pittsburgh, Pennsylvania.

2

3.      On information and belief, Defendant AMERICAN EAGLE OUTFITTERS, INC. is a company with a principal place of business located in Pittsburgh, Pennsylvania.

4.      On information and belief, Defendant AOL, INC. is a corporation with a place of business in New York, New York.

5.      On information and belief, Defendant BARNES & NOBLE, INC. is a corporation with a place of business in New York, New York.

6.      On information and belief, Defendant BARNESANDNOBLE.COM LLC is a corporation with a place of business located in New York, New York.

7.      On information and belief, Defendant BASS PRO, INC. is a corporation with a place of business in Springfield, Missouri.

8.      On information and belief, Defendant BASS PRO OUTDOORS ONLINE, LLC is a limited liability company with a place of business in Springfield, Missouri.

9.      On information and belief, Defendant BORDERS GROUP, INC. is a corporation with a place of business in Ann Arbor, Michigan.

10.     On information and belief, Defendant BRAWN, LLC is a limited liability company with a place of business in Weehawken, New Jersey.

11.     On information and belief, Defendant CABELA'S INCORPORATED is a corporation with a place of business in Sidney, Nebraska.

12.     On information and belief, Defendant COLDWATER CREEK INC. is a corporation with a place of business in Coeur d'Alene, Idaho.

13.     On information and belief, Defendant CONTINENTAL AIRLINES, INC. is a corporation with a place of business in Houston, Texas.

14.     On information and belief, Defendant DELTA AIR LINES, INC. is a corporation with a place of business in Atlanta, Georgia.

15.     On information and belief, Defendant GOOGLE INC. is a corporation with a place of business in Mountain View, California.

16.     On information and belief, Defendant ICONIX BRAND GROUP, INC. is a corporation with a place of business in New York, New York.

17.     On information and belief, Defendant IP HOLDINGS, LLC is a limited liability company with a place of business in New York, New York.

18.     On information and belief, Defendant JUICY COUTURE, INC. is a corporation with a place of business in Pacoima, California.

19.     On information and belief, Defendant LIZ CLAIBORNE, INC. is a corporation with a place of business in New York, New York.

20.     On information and belief, Defendant LOWES HOME CENTERS, INC. is a corporation with a place of business in Mooresville, North Carolina.

21.     On information and belief, Defendant MAPQUEST, INC. is a corporation with a place of business in Denver, Colorado.

22.     On information and belief, Defendant MUSICIAN'S FRIEND, INC. is a corporation with a place of business in Medford, Oregon.

23.     On information and belief, Defendant THE NEIMAN MARCUS GROUP, INC. is a corporation with a place of business in Dallas, Texas.

24.     On information and belief, Defendant NORDSTROM, INC. is a corporation with a place of business in Seattle, Washington.

25.     On information and belief, Defendant ONESTOP INTERNET, INC. is a corporation with a place of business in Rancho Dominguez, California.

26.     On information and belief, Defendant PATAGONIA, INC. is a corporation with a place of business in Ventura, California.

27.     On information and belief, Defendant QVC, INC. is a corporation with a place of business in West Chester, Pennsylvania.

28.     On information and belief, Defendant RECREATIONAL EQUIPMENT, INC. is a corporation with a place of business in Kent, Washington.

29.     On information and belief, Defendant REDBOX AUTOMATED RETAIL, LLC is a limited liability company with a place of business in Oakbrook Terrace, Illinois.

30.     On information and belief, Defendant RESTORATION HARDWARE, INC. is a corporation with a place of business in Corte Madera, California.

31.     On information and belief, Defendant SONY CORPORATION OF AMERICA is a corporation with a place of business in New York, New York.

32.     On information and belief, Defendant SONY ELECTRONICS INC. is a corporation with a place of business in San Diego, California.

33.     On information and belief, Defendant SOUTHWEST AIRLINES CO. is a corporation with a place of business in Dallas, Texas.

34.     On information and belief, Defendant STAPLES, INC. is a corporation with a place of business in Framingham, Massachusetts.

35.     On information and belief, Defendant TARGET CORPORATION is a corporation with a place of business in Minneapolis, Minnesota.

36.     On information and belief, Defendant TIFFANY AND COMPANY is a corporation with a place of business in New York, New York.

37.     On information and belief, Defendant TRIPADVISOR, LLC is a limited liability company with a place of business in Newton, Massachusetts.

38.     On information and belief, Defendant US AIRWAYS, INC. is a corporation with a place of business in Tempe, Arizona.

39.     On information and belief, Defendant VF OUTDOOR, INC. is a corporation with a place of business in San Leandro, California.

40.     On information and belief, Defendant WILLIAMS-SONOMA, INC. is a corporation with a place of business in San Francisco, California.

41.     On information and belief, Defendant ZAPPOS RETAIL, INC. is a corporation with a place of business in Henderson, Nevada.

## JURISDICTION AND VENUE

42.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein.  Without limitation, on information and belief, within this state the Defendants have made and used the patented invention and have induced and contributed to that infringement with the systems identified herein below.  In addition, on information and belief, Defendants have derived substantial revenues from their infringing acts.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly

6

doing or soliciting business, engaging in other persistent courses of conduct, and deriving

substantial revenue from goods and services provided to persons or entities in Texas.  Further, on

information and belief, Defendants are subject to the Court's personal jurisdiction at least due to

their interactive websites accessible from Texas.

43.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

On information and belief, from and within this Judicial District each Defendant has committed

at least a portion of the infringements at issue in this case.  Without limitation, on information

and belief, within this district the Defendants have engaged in, contributed to, and induced the

infringing acts identified in this Complaint.  In addition, on information and belief, Defendants

have derived substantial revenues from their infringing acts and are subject to personal

jurisdiction in this District for at least the reasons identified above with respect to personal

jurisdiction within the State of Texas.  Further, on information and belief, Defendants are subject

to the Court's personal jurisdiction in this District at least due to their interactive websites

accessible from this District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,446,111

44.     United States Patent No. 6,446,111 ("the '111 patent") entitled "Method and

Apparatus for Client-Server Communication Using a Limited Capability Client Over a Low-

Speed Communications Link" issued on September 3, 2002.

45.     Parallel Networks is the assignee of all right, title and interest in the '111 patent.

Accordingly, Parallel Networks has standing to bring this lawsuit for infringement of the '111

patent.

46.     At least one claim of the '111 patent covers, *inter alia*, various systems and

methods comprising a server coupled to a communications link that receives a request from a

client device and collects data items as a function of the request; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with the applet operable to be transferred over the communications link to the client device.

47.     On information and belief, Defendant AEO MANAGEMENT CO. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.ae.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

48.     On information and belief, since becoming aware of the '111 patent, AEO MANAGEMENT CO. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.ae.com for use by AEO MANAGEMENT CO.'s clients.  AEO MANAGEMENT CO. is a direct and indirect infringer, and its clients using www.ae.com are direct infringers.

49.     On information and belief, since becoming aware of the '111 patent, AEO MANAGEMENT CO. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, AEO MANAGEMENT CO. knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, AEO MANAGEMENT CO. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

50.     Defendant AEO MANAGEMENT CO. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

51.     On information and belief, Defendant AMERICAN EAGLE OUTFITTERS, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.ae.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

52.     On information and belief, since becoming aware of the '111 patent, AMERICAN EAGLE OUTFITTERS, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.ae.com for use by AMERICAN EAGLE OUTFITTERS, INC.'s clients. AMERICAN EAGLE OUTFITTERS, INC. is a direct and indirect infringer, and its clients using www.ae.com are direct infringers.

53.     On information and belief, since becoming aware of the '111 patent, AMERICAN EAGLE OUTFITTERS, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, AMERICAN EAGLE OUTFITTERS, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, AMERICAN EAGLE OUTFITTERS, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

54.     Defendant AMERICAN EAGLE OUTFITTERS, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

55.     On information and belief, Defendant AOL, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its websites at www.aol.com,

www.cambio.com, www.dailyfinance.com, www.mapquest.com, www.seed.com and

www.winamp.com, and each website comprises a server coupled to a communications link that

receives a request from a client device and collects data items as a function of the requests; an

executable applet dynamically generated by the server in response to the client request; a

constituent system associated with the applet comprising a subset of the data items and a further

constituent system comprising a data interface capability configured to provide a plurality of

operations associated with the subset of data items; with such applet operable to be transferred

over the communications link to the client device.

56.     On information and belief, since becoming aware of the '111 patent, AOL, INC.

has been and is now indirectly infringing by way of inducing infringement and contributing to

the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial

district, and elsewhere in the United States, by providing the websites www.aol.com,

www.cambio.com, www.dailyfinance.com, www.mapquest.com, www.seed.com and

www.winamp.com for use by AOL, INC.'s clients.  AOL, INC. is a direct and indirect infringer,

and its clients using www.aol.com, www.cambio.com, www.dailyfinance.com,

www.mapquest.com, www.seed.com and www.winamp.com are direct infringers.

57.     On information and belief, since becoming aware of the '111 patent, AOL, INC.

is and has been committing the act of inducing infringement by specifically intending to induce

infringement by providing the identified websites to its clients and by aiding and abetting their

use.  On information and belief, AOL, INC. knew or should have known that through its acts it

was and is inducing infringement of the '111 patent.  On information and belief, AOL, INC. is

and has been committing the act of contributory infringement by intending to provide the

identified websites to its clients knowing that they are a material part of the invention, knowing

that their use was made and adapted for infringement of the '111 patent, and further knowing

that the systems are not staple articles or commodities of commerce suitable for substantially

noninfringing use.

58.     Defendant AOL, INC. is thus liable for infringement of the '111 patent pursuant

to 35 U.S.C. § 271.

59.     On information and belief, Defendant BARNES & NOBLE, INC. has been and

now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district,

and elsewhere in the United States, by actions comprising making and using its website at

www.barnesandnoble.com, which comprises a server coupled to a communications link that

receives a request from a client device and collects data items as a function of the requests; an

executable applet dynamically generated by the server in response to the client request; a

constituent system associated with the applet comprising a subset of the data items and a further

constituent system comprising a data interface capability configured to provide a plurality of

operations associated with the subset of data items; with such applet operable to be transferred

over the communications link to the client device.

60.     On information and belief, since becoming aware of the '111 patent, BARNES &

NOBLE, INC. has been and is now indirectly infringing by way of inducing infringement and

contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this

judicial district, and elsewhere in the United States, by providing the website

www.barnesandnoble.com for use by BARNES & NOBLE, INC.'s clients.  BARNES &

NOBLE, INC. is a direct and indirect infringer, and its clients using www.barnesandnoble.com

are direct infringers.

61.     On information and belief, since becoming aware of the '111 patent, BARNES &

NOBLE, INC. is and has been committing the act of inducing infringement by specifically

intending to induce infringement by providing the identified website to its clients and by aiding

and abetting its use.  On information and belief, BARNES & NOBLE, INC. knew or should have

known that through its acts it was and is inducing infringement of the '111 patent.  On

information and belief, BARNES & NOBLE, INC. is and has been committing the act of

contributory infringement by intending to provide the identified website to its clients knowing

that it is a material part of the invention, knowing that its use was made and adapted for

infringement of the '111 patent, and further knowing that the system is not a staple article or

commodity of commerce suitable for substantially noninfringing use.

62.     Defendant BARNES & NOBLE, INC. is thus liable for infringement of the '111

patent pursuant to 35 U.S.C. § 271.

63.     On information and belief, Defendant BARNESANDNOBLE.COM LLC has

been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this

judicial district, and elsewhere in the United States, by actions comprising making and using its

website at www.barnesandnoble.com, which comprises a server coupled to a communications

link that receives a request from a client device and collects data items as a function of the

requests; an executable applet dynamically generated by the server in response to the client

request; a constituent system associated with the applet comprising a subset of the data items and

a further constituent system comprising a data interface capability configured to provide a

plurality of operations associated with the subset of data items; with such applet operable to be

transferred over the communications link to the client device.

64.     On information and belief, since becoming aware of the '111 patent, BARNESANDNOBLE.COM LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.barnesandnoble.com for use by BARNESANDNOBLE.COM LLC's clients. BARNESANDNOBLE.COM LLC is a direct and indirect infringer, and its clients using www.barnesandnoble.com are direct infringers.

65.     On information and belief, since becoming aware of the '111 patent, BARNESANDNOBLE.COM LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, BARNESANDNOBLE.COM LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, BARNESANDNOBLE.COM LLC is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

66.     Defendant BARNESANDNOBLE.COM LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

67.     On information and belief, Defendant BASS PRO, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.basspro.com, which comprises a server coupled to a communications link that receives a

14

request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

68.    On information and belief, since becoming aware of the '111 patent, BASS PRO, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.basspro.com for use by BASS PRO, INC.'s clients.  BASS PRO, INC. is a direct and indirect infringer, and its clients using www.basspro.com are direct infringers.

69.    On information and belief, since becoming aware of the '111 patent, BASS PRO, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, BASS PRO, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, BASS PRO, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

70.     Defendant BASS PRO, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

71.     On information and belief, Defendant BASS PRO OUTDOORS ONLINE, LLC has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.basspro.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

72.     On information and belief, since becoming aware of the '111 patent, BASS PRO OUTDOORS ONLINE, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.basspro.com for use by BASS PRO OUTDOORS ONLINE, LLC's clients.  BASS PRO OUTDOORS ONLINE, LLC is a direct and indirect infringer, and its clients using www.basspro.com are direct infringers.

73.     On information and belief, since becoming aware of the '111 patent, BASS PRO OUTDOORS ONLINE, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, BASS PRO OUTDOORS

ONLINE, LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, BASS PRO OUTDOORS ONLINE, LLC is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

74.     Defendant BASS PRO OUTDOORS ONLINE, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

75.     On information and belief, Defendant BORDERS GROUP, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.borders.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

76.     On information and belief, since becoming aware of the '111 patent, BORDERS GROUP, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.borders.com

for use by BORDERS GROUP, INC.'s clients.  BORDERS GROUP, INC. is a direct and indirect infringer, and its clients using www.borders.com are direct infringers.

77.    On information and belief, since becoming aware of the '111 patent, BORDERS GROUP, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, BORDERS GROUP, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, BORDERS GROUP, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

78.    Defendant BORDERS GROUP, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

79.    On information and belief, Defendant BRAWN, LLC has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.undergear.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated

with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

80.     On information and belief, since becoming aware of the '111 patent, BRAWN, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.undergear.com for use by BRAWN, LLC's clients.  BRAWN, LLC is a direct and indirect infringer, and its clients using www.undergear.com are direct infringers.

81.     On information and belief, since becoming aware of the '111 patent, BRAWN, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, BRAWN, LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, BRAWN, LLC is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

82.     Defendant BRAWN, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

83.     On information and belief, Defendant CABELA'S INCORPORATED has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website

19

at www.cabelas.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

84.      On information and belief, since becoming aware of the '111 patent, CABELA'S INCORPORATED has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.cabelas.com for use by CABELA'S INCORPORATED's clients.  CABELA'S INCORPORATED is a direct and indirect infringer, and its clients using www.cabelas.com are direct infringers.

85.      On information and belief, since becoming aware of the '111 patent, CABELA'S INCORPORATED is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, CABELA'S INCORPORATED knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, CABELA'S INCORPORATED is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for

infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

86.     Defendant CABELA'S INCORPORATED is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

87.     On information and belief, Defendant COLDWATER CREEK INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.coldwatercreek.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

88.     On information and belief, since becoming aware of the '111 patent, COLDWATER CREEK INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.coldwatercreek.com for use by COLDWATER CREEK INC.'s clients. COLDWATER CREEK INC. is a direct and indirect infringer, and its clients using www.coldwatercreek.com are direct infringers.

89.     On information and belief, since becoming aware of the '111 patent, COLDWATER CREEK INC. is and has been committing the act of inducing infringement by

specifically intending to induce infringement by providing the identified website to its clients

and by aiding and abetting its use.  On information and belief, COLDWATER CREEK INC.

knew or should have known that through its acts it was and is inducing infringement of the '111

patent.  On information and belief, COLDWATER CREEK INC. is and has been committing the

act of contributory infringement by intending to provide the identified website to its clients

knowing that it is a material part of the invention, knowing that its use was made and adapted for

infringement of the '111 patent, and further knowing that the system is not a staple article or

commodity of commerce suitable for substantially noninfringing use.

90.     Defendant COLDWATER CREEK INC. is thus liable for infringement of the

'111 patent pursuant to 35 U.S.C. § 271.

91.     On information and belief, Defendant CONTINENTAL AIRLINES, INC. has

been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this

judicial district, and elsewhere in the United States, by actions comprising making and using its

website at www.continental.com, which comprises a server coupled to a communications link

that receives a request from a client device and collects data items as a function of the requests;

an executable applet dynamically generated by the server in response to the client request; a

constituent system associated with the applet comprising a subset of the data items and a further

constituent system comprising a data interface capability configured to provide a plurality of

operations associated with the subset of data items; with such applet operable to be transferred

over the communications link to the client device.

92.     On information and belief, since becoming aware of the '111 patent,

CONTINENTAL AIRLINES, INC. has been and is now indirectly infringing by way of inducing

infringement and contributing to the infringement of at least claim 1 of the '111 patent in the

State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.continental.com for use by CONTINENTAL AIRLINES, INC.'s clients. CONTINENTAL AIRLINES, INC. is a direct and indirect infringer, and its clients using www.continental.com are direct infringers.

93.     On information and belief, since becoming aware of the '111 patent, CONTINENTAL AIRLINES, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, CONTINENTAL AIRLINES, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, CONTINENTAL AIRLINES, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

94.     Defendant CONTINENTAL AIRLINES, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

95.     On information and belief, Defendant DELTA AIR LINES, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.delta.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system

23

comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

96.     On information and belief, since becoming aware of the '111 patent, DELTA AIR LINES, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.delta.com for use by DELTA AIR LINES, INC.'s clients.  DELTA AIR LINES, INC. is a direct and indirect infringer, and its clients using www.delta.com are direct infringers.

97.     On information and belief, since becoming aware of the '111 patent, DELTA AIR LINES, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, DELTA AIR LINES, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, DELTA AIR LINES, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

98.     Defendant DELTA AIR LINES, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

99.     On information and belief, Defendant GOOGLE INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and

elsewhere in the United States, by actions comprising making and using its websites at www.google.com, www.admob.com, www.mapquest.com and www.youtube.com, and each website comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

100.    On information and belief, since becoming aware of the '111 patent, GOOGLE INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.google.com, www.admob.com, www.mapquest.com and www.youtube.com for use by GOOGLE INC.'s clients.  GOOGLE INC. is a direct and indirect infringer, and its clients using www.google.com, www.admob.com, www.mapquest.com and www.youtube.com are direct infringers.

101.    On information and belief, since becoming aware of the '111 patent, GOOGLE INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients and by aiding and abetting their use.  On information and belief, GOOGLE INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, GOOGLE INC. is and has been committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the

invention, knowing that their use was made and adapted for infringement of the '111 patent, and further knowing that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

102.    Defendant GOOGLE INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

103.    On information and belief, Defendant ICONIX BRAND GROUP, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its websites at www.rampage.com, www.danskin.com and www.rocawear.com, and each website comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

104.    On information and belief, since becoming aware of the '111 patent, ICONIX BRAND GROUP, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.rampage.com, www.danskin.com and www.rocawear.com for use by ICONIX BRAND GROUP, INC.'s clients.  ICONIX BRAND GROUP, INC. is a direct and indirect infringer, and its clients using www.rampage.com, www.danskin.com and www.rocawear.com are direct infringers.

105.    On information and belief, since becoming aware of the '111 patent, ICONIX BRAND GROUP, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients and by aiding and abetting their use.  On information and belief, ICONIX BRAND GROUP, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, ICONIX BRAND GROUP, INC. is and has been committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the invention, knowing that their use was made and adapted for infringement of the '111 patent, and further knowing that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

106.    Defendant ICONIX BRAND GROUP, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

107.    On information and belief, Defendant IP HOLDINGS, LLC has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its websites at www.rampage.com, www.danskin.com and www.rocawear.com, and each website comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

108.    On information and belief, since becoming aware of the '111 patent, IP HOLDINGS, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.rampage.com, www.danskin.com and www.rocawear.com for use by IP HOLDINGS, LLC's clients.  IP HOLDINGS, LLC is a direct and indirect infringer, and its clients using www.rampage.com, www.danskin.com and www.rocawear.com are direct infringers.

109.    On information and belief, since becoming aware of the '111 patent, IP HOLDINGS, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients and by aiding and abetting their use.  On information and belief, IP HOLDINGS, LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, IP HOLDINGS, LLC is and has been committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the invention, knowing that their use was made and adapted for infringement of the '111 patent, and further knowing that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

110.    Defendant IP HOLDINGS, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

111.    On information and belief, Defendant JUICY COUTURE, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.juicycouture.com, which comprises a server coupled to a communications link that

receives a request from a client device and collects data items as a function of the requests; an

executable applet dynamically generated by the server in response to the client request; a

constituent system associated with the applet comprising a subset of the data items and a further

constituent system comprising a data interface capability configured to provide a plurality of

operations associated with the subset of data items; with such applet operable to be transferred

over the communications link to the client device.

112.    On information and belief, since becoming aware of the '111 patent, JUICY

COUTURE, INC. has been and is now indirectly infringing by way of inducing infringement and

contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this

judicial district, and elsewhere in the United States, by providing the website

www.juicycouture.com for use by JUICY COUTURE, INC.'s clients.  JUICY COUTURE, INC.

is a direct and indirect infringer, and its clients using www.juicycouture.com are direct

infringers.

113.    On information and belief, since becoming aware of the '111 patent, JUICY

COUTURE, INC. is and has been committing the act of inducing infringement by specifically

intending to induce infringement by providing the identified website to its clients and by aiding

and abetting its use.  On information and belief, JUICY COUTURE, INC. knew or should have

known that through its acts it was and is inducing infringement of the '111 patent.  On

information and belief, JUICY COUTURE, INC. is and has been committing the act of

contributory infringement by intending to provide the identified website to its clients knowing

that it is a material part of the invention, knowing that its use was made and adapted for

infringement of the '111 patent, and further knowing that the system is not a staple article or

commodity of commerce suitable for substantially noninfringing use.

114.    Defendant JUICY COUTURE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

115.    On information and belief, Defendant LIZ CLAIBORNE, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.juicycouture.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

116.    On information and belief, since becoming aware of the '111 patent, LIZ CLAIBORNE, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.juicycouture.com for use by LIZ CLAIBORNE, INC.'s clients.  LIZ CLAIBORNE, INC. is a direct and indirect infringer, and its clients using www.juicycouture.com are direct infringers.

117.    On information and belief, since becoming aware of the '111 patent, LIZ CLAIBORNE, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, LIZ CLAIBORNE, INC. knew or should have

30

known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, LIZ CLAIBORNE, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

118.    Defendant LIZ CLAIBORNE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

119.    On information and belief, Defendant LOWES HOME CENTERS, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.lowes.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

120.    On information and belief, since becoming aware of the '111 patent, LOWES HOME CENTERS, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.lowes.com for use by LOWES HOME CENTERS, INC.'s clients.  LOWES

HOME CENTERS, INC. is a direct and indirect infringer, and its clients using www.lowes.com are direct infringers.

121.    On information and belief, since becoming aware of the '111 patent, LOWES HOME CENTERS, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, LOWES HOME CENTERS, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, LOWES HOME CENTERS, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

122.    Defendant LOWES HOME CENTERS, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

123.    On information and belief, Defendant MAPQUEST, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.mapquest.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated

32

with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

124.    On information and belief, since becoming aware of the '111 patent, MAPQUEST, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.mapquest.com for use by MAPQUEST, INC.'s clients.  MAPQUEST, INC. is a direct and indirect infringer, and its clients using www.mapquest.com are direct infringers.

125.    On information and belief, since becoming aware of the '111 patent, MAPQUEST, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, MAPQUEST, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, MAPQUEST, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

126.    Defendant MAPQUEST, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

127.    On information and belief, Defendant MUSICIAN'S FRIEND, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at

www.musiciansfriend.com, which comprises a server coupled to a communications link that

receives a request from a client device and collects data items as a function of the requests; an

executable applet dynamically generated by the server in response to the client request; a

constituent system associated with the applet comprising a subset of the data items and a further

constituent system comprising a data interface capability configured to provide a plurality of

operations associated with the subset of data items; with such applet operable to be transferred

over the communications link to the client device.

128.   On information and belief, since becoming aware of the '111 patent,

MUSICIAN'S FRIEND, INC. has been and is now indirectly infringing by way of inducing

infringement and contributing to the infringement of at least claim 1 of the '111 patent in the

State of Texas, in this judicial district, and elsewhere in the United States, by providing the

website www.musiciansfriend.com for use by MUSICIAN'S FRIEND, INC.'s clients.

MUSICIAN'S FRIEND, INC. is a direct and indirect infringer, and its clients using

www.musiciansfriend.com are direct infringers.

129.   On information and belief, since becoming aware of the '111 patent,

MUSICIAN'S FRIEND, INC. is and has been committing the act of inducing infringement by

specifically intending to induce infringement by providing the identified website to its clients

and by aiding and abetting its use.  On information and belief, MUSICIAN'S FRIEND, INC.

knew or should have known that through its acts it was and is inducing infringement of the '111

patent.  On information and belief, MUSICIAN'S FRIEND, INC. is and has been committing the

act of contributory infringement by intending to provide the identified website to its clients

knowing that it is a material part of the invention, knowing that its use was made and adapted for

infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

130.   Defendant MUSICIAN'S FRIEND, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

131.   On information and belief, Defendant THE NEIMAN MARCUS GROUP, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.neimanmarcus.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

132.   On information and belief, since becoming aware of the '111 patent, THE NEIMAN MARCUS GROUP, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.neimanmarcus.com for use by THE NEIMAN MARCUS GROUP, INC.'s clients. THE NEIMAN MARCUS GROUP, INC. is a direct and indirect infringer, and its clients using www.neimanmarcus.com are direct infringers.

133.   On information and belief, since becoming aware of the '111 patent, THE NEIMAN MARCUS GROUP, INC. is and has been committing the act of inducing infringement

35

by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, THE NEIMAN MARCUS GROUP, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, THE NEIMAN MARCUS GROUP, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

134.    Defendant THE NEIMAN MARCUS GROUP, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

135.    On information and belief, Defendant NORDSTROM, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.nordstrom.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

136.    On information and belief, since becoming aware of the '111 patent, NORDSTROM, INC. has been and is now indirectly infringing by way of inducing infringement

36

and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in

this judicial district, and elsewhere in the United States, by providing the website

www.nordstrom.com for use by NORDSTROM, INC.'s clients.  NORDSTROM, INC. is a direct

and indirect infringer, and its clients using www.nordstrom.com are direct infringers.

137.    On information and belief, since becoming aware of the '111 patent,

NORDSTROM, INC. is and has been committing the act of inducing infringement by

specifically intending to induce infringement by providing the identified website to its clients

and by aiding and abetting its use.  On information and belief, NORDSTROM, INC. knew or

should have known that through its acts it was and is inducing infringement of the '111 patent.

On information and belief, NORDSTROM, INC. is and has been committing the act of

contributory infringement by intending to provide the identified website to its clients knowing

that it is a material part of the invention, knowing that its use was made and adapted for

infringement of the '111 patent, and further knowing that the system is not a staple article or

commodity of commerce suitable for substantially noninfringing use.

138.    Defendant NORDSTROM, INC. is thus liable for infringement of the '111 patent

pursuant to 35 U.S.C. § 271.

139.    On information and belief, Defendant ONESTOP INTERNET, INC. has been and

now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district,

and elsewhere in the United States, by actions comprising making and using its website at

www.rampage.com, which comprises a server coupled to a communications link that receives a

request from a client device and collects data items as a function of the requests; an executable

applet dynamically generated by the server in response to the client request; a constituent system

associated with the applet comprising a subset of the data items and a further constituent system

37

comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

140.    On information and belief, since becoming aware of the '111 patent, ONESTOP INTERNET, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.rampage.com for use by ONESTOP INTERNET, INC.'s clients.  ONESTOP INTERNET, INC. is a direct and indirect infringer, and its clients using www.rampage.com are direct infringers.

141.    On information and belief, since becoming aware of the '111 patent, ONESTOP INTERNET, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, ONESTOP INTERNET, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, ONESTOP INTERNET, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

142.    Defendant ONESTOP INTERNET, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

143.    On information and belief, Defendant PATAGONIA, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.patagonia.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

144.    On information and belief, since becoming aware of the '111 patent, PATAGONIA, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.patagonia.com for use by PATAGONIA, INC.'s clients.  PATAGONIA, INC. is a direct and indirect infringer, and its clients using www.patagonia.com are direct infringers.

145.    On information and belief, since becoming aware of the '111 patent, PATAGONIA, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, PATAGONIA, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, PATAGONIA, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a

material part of the invention, knowing that its use was made and adapted for infringement of the

'111 patent, and further knowing that the system is not a staple article or commodity of

commerce suitable for substantially noninfringing use.

146.    Defendant PATAGONIA, INC. is thus liable for infringement of the '111 patent

pursuant to 35 U.S.C. § 271.

147.    On information and belief, Defendant QVC, INC. has been and now is infringing

at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in

the United States, by actions comprising making and using its website at www.qvc.com, which

comprises a server coupled to a communications link that receives a request from a client device

and collects data items as a function of the requests; an executable applet dynamically generated

by the server in response to the client request; a constituent system associated with the applet

comprising a subset of the data items and a further constituent system comprising a data interface

capability configured to provide a plurality of operations associated with the subset of data items;

with such applet operable to be transferred over the communications link to the client device.

148.    On information and belief, since becoming aware of the '111 patent, QVC, INC.

has been and is now indirectly infringing by way of inducing infringement and contributing to

the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial

district, and elsewhere in the United States, by providing the website www.qvc.com for use by

QVC, INC.'s clients.  QVC, INC. is a direct and indirect infringer, and its clients using

www.qvc.com are direct infringers.

149.    On information and belief, since becoming aware of the '111 patent, QVC, INC.

is and has been committing the act of inducing infringement by specifically intending to induce

infringement by providing the identified website to its clients and by aiding and abetting its use.

On information and belief, QVC, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, QVC, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

150.    Defendant QVC, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

151.    On information and belief, Defendant RECREATIONAL EQUIPMENT, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.rei.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

152.    On information and belief, since becoming aware of the '111 patent, RECREATIONAL EQUIPMENT, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.rei.com for use by RECREATIONAL EQUIPMENT, INC.'s clients.

RECREATIONAL EQUIPMENT, INC. is a direct and indirect infringer, and its clients using www.rei.com are direct infringers.

153.    On information and belief, since becoming aware of the '111 patent, RECREATIONAL EQUIPMENT, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, RECREATIONAL EQUIPMENT, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, RECREATIONAL EQUIPMENT, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

154.    Defendant RECREATIONAL EQUIPMENT, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

155.    On information and belief, Defendant REDBOX AUTOMATED RETAIL, LLC has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.redbox.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of

operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

156.    On information and belief, since becoming aware of the '111 patent, REDBOX AUTOMATED RETAIL, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.redbox.com for use by REDBOX AUTOMATED RETAIL, LLC's clients. REDBOX AUTOMATED RETAIL, LLC is a direct and indirect infringer, and its clients using www.redbox.com are direct infringers.

157.    On information and belief, since becoming aware of the '111 patent, REDBOX AUTOMATED RETAIL, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, REDBOX AUTOMATED RETAIL, LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, REDBOX AUTOMATED RETAIL, LLC is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

158.    Defendant REDBOX AUTOMATED RETAIL, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

159.    On information and belief, Defendant RESTORATION HARDWARE, INC. has

been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this

judicial district, and elsewhere in the United States, by actions comprising making and using its

website at www.restorationhardware.com, which comprises a server coupled to a

communications link that receives a request from a client device and collects data items as a

function of the requests; an executable applet dynamically generated by the server in response to

the client request; a constituent system associated with the applet comprising a subset of the data

items and a further constituent system comprising a data interface capability configured to

provide a plurality of operations associated with the subset of data items; with such applet

operable to be transferred over the communications link to the client device.

160.    On information and belief, since becoming aware of the '111 patent,

RESTORATION HARDWARE, INC. has been and is now indirectly infringing by way of

inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent

in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the

website www.restorationhardware.com for use by RESTORATION HARDWARE, INC.'s

clients.  RESTORATION HARDWARE, INC. is a direct and indirect infringer, and its clients

using www.restorationhardware.com are direct infringers.

161.    On information and belief, since becoming aware of the '111 patent,

RESTORATION HARDWARE, INC. is and has been committing the act of inducing

infringement by specifically intending to induce infringement by providing the identified website

to its clients and by aiding and abetting its use.  On information and belief, RESTORATION

HARDWARE, INC. knew or should have known that through its acts it was and is inducing

infringement of the '111 patent.  On information and belief, RESTORATION HARDWARE,

INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

162.    Defendant RESTORATION HARDWARE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

163.    On information and belief, Defendant SONY CORPORATION OF AMERICA has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.sonystyle.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

164.    On information and belief, since becoming aware of the '111 patent, SONY CORPORATION OF AMERICA has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.sonystyle.com for use by SONY CORPORATION OF AMERICA's clients.

SONY CORPORATION OF AMERICA is a direct and indirect infringer, and its clients using www.sonystyle.com are direct infringers.

165.    On information and belief, since becoming aware of the '111 patent, SONY CORPORATION OF AMERICA is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, SONY CORPORATION OF AMERICA knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, SONY CORPORATION OF AMERICA is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

166.    Defendant SONY CORPORATION OF AMERICA is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

167.    On information and belief, Defendant SONY ELECTRONICS INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.sonystyle.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated

46

with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

168.     On information and belief, since becoming aware of the '111 patent, SONY ELECTRONICS INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.sonystyle.com for use by SONY ELECTRONICS INC.'s clients.  SONY ELECTRONICS INC. is a direct and indirect infringer, and its clients using www.sonystyle.com are direct infringers.

169.     On information and belief, since becoming aware of the '111 patent, SONY ELECTRONICS INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, SONY ELECTRONICS INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, SONY ELECTRONICS INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

170.     Defendant SONY ELECTRONICS INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

171.     On information and belief, Defendant SOUTHWEST AIRLINES CO. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial

district, and elsewhere in the United States, by actions comprising making and using its website

at www.southwest.com, which comprises a server coupled to a communications link that

receives a request from a client device and collects data items as a function of the requests; an

executable applet dynamically generated by the server in response to the client request; a

constituent system associated with the applet comprising a subset of the data items and a further

constituent system comprising a data interface capability configured to provide a plurality of

operations associated with the subset of data items; with such applet operable to be transferred

over the communications link to the client device.

172.    On information and belief, since becoming aware of the '111 patent,

SOUTHWEST AIRLINES CO. has been and is now indirectly infringing by way of inducing

infringement and contributing to the infringement of at least claim 1 of the '111 patent in the

State of Texas, in this judicial district, and elsewhere in the United States, by providing the

website www.southwest.com for use by SOUTHWEST AIRLINES CO.'s clients.

SOUTHWEST AIRLINES CO. is a direct and indirect infringer, and its clients using

www.southwest.com are direct infringers.

173.    On information and belief, since becoming aware of the '111 patent,

SOUTHWEST AIRLINES CO. is and has been committing the act of inducing infringement by

specifically intending to induce infringement by providing the identified website to its clients

and by aiding and abetting its use.  On information and belief, SOUTHWEST AIRLINES CO.

knew or should have known that through its acts it was and is inducing infringement of the '111

patent.  On information and belief, SOUTHWEST AIRLINES CO. is and has been committing

the act of contributory infringement by intending to provide the identified website to its clients

knowing that it is a material part of the invention, knowing that its use was made and adapted for

infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

174.     Defendant SOUTHWEST AIRLINES CO. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

175.     On information and belief, Defendant STAPLES, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.staples.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

176.     On information and belief, since becoming aware of the '111 patent, STAPLES, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.staples.com for use by STAPLES, INC.'s clients.  STAPLES, INC. is a direct and indirect infringer, and its clients using www.staples.com are direct infringers.

177.     On information and belief, since becoming aware of the '111 patent, STAPLES, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting

its use.  On information and belief, STAPLES, INC. knew or should have known that through its

acts it was and is inducing infringement of the '111 patent.  On information and belief,

STAPLES, INC. is and has been committing the act of contributory infringement by intending to

provide the identified website to its clients knowing that it is a material part of the invention,

knowing that its use was made and adapted for infringement of the '111 patent, and further

knowing that the system is not a staple article or commodity of commerce suitable for

substantially noninfringing use.

178.    Defendant STAPLES, INC. is thus liable for infringement of the '111 patent

pursuant to 35 U.S.C. § 271.

179.    On information and belief, Defendant TARGET CORPORATION has been and

now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district,

and elsewhere in the United States, by actions comprising making and using its website at

www.target.com, which comprises a server coupled to a communications link that receives a

request from a client device and collects data items as a function of the requests; an executable

applet dynamically generated by the server in response to the client request; a constituent system

associated with the applet comprising a subset of the data items and a further constituent system

comprising a data interface capability configured to provide a plurality of operations associated

with the subset of data items; with such applet operable to be transferred over the

communications link to the client device.

180.    On information and belief, since becoming aware of the '111 patent, TARGET

CORPORATION has been and is now indirectly infringing by way of inducing infringement and

contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this

judicial district, and elsewhere in the United States, by providing the website www.target.com

for use by TARGET CORPORATION's clients.  TARGET CORPORATION is a direct and indirect infringer, and its clients using www.target.com are direct infringers.

181.    On information and belief, since becoming aware of the '111 patent, TARGET CORPORATION is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, TARGET CORPORATION knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, TARGET CORPORATION is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

182.    Defendant TARGET CORPORATION is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

183.    On information and belief, Defendant TIFFANY AND COMPANY has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.tiffany.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated

with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

184.    On information and belief, since becoming aware of the '111 patent, TIFFANY AND COMPANY has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.tiffany.com for use by TIFFANY AND COMPANY's clients.  TIFFANY AND COMPANY is a direct and indirect infringer, and its clients using www.tiffany.com are direct infringers.

185.    On information and belief, since becoming aware of the '111 patent, TIFFANY AND COMPANY is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, TIFFANY AND COMPANY knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, TIFFANY AND COMPANY is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

186.    Defendant TIFFANY AND COMPANY is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

187.    On information and belief, Defendant TRIPADVISOR, LLC has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and

elsewhere in the United States, by actions comprising making and using its website at www.tripadvisor.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

188.    On information and belief, since becoming aware of the '111 patent, TRIPADVISOR, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.tripadvisor.com for use by TRIPADVISOR, LLC's clients.  TRIPADVISOR, LLC is a direct and indirect infringer, and its clients using www.tripadvisor.com are direct infringers.

189.    On information and belief, since becoming aware of the '111 patent, TRIPADVISOR, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, TRIPADVISOR, LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, TRIPADVISOR, LLC is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for

infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

190.    Defendant TRIPADVISOR, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

191.    On information and belief, Defendant US AIRWAYS, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.usairways.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

192.    On information and belief, since becoming aware of the '111 patent, US AIRWAYS, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.usairways.com for use by US AIRWAYS, INC.'s clients.  US AIRWAYS, INC. is a direct and indirect infringer, and its clients using www.usairways.com are direct infringers.

193.    On information and belief, since becoming aware of the '111 patent, US AIRWAYS, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding

and abetting its use.  On information and belief, US AIRWAYS, INC. knew or should have

known that through its acts it was and is inducing infringement of the '111 patent.  On

information and belief, US AIRWAYS, INC. is and has been committing the act of contributory

infringement by intending to provide the identified website to its clients knowing that it is a

material part of the invention, knowing that its use was made and adapted for infringement of the

'111 patent, and further knowing that the system is not a staple article or commodity of

commerce suitable for substantially noninfringing use.

194.    Defendant US AIRWAYS, INC. is thus liable for infringement of the '111 patent

pursuant to 35 U.S.C. § 271.

195.    On information and belief, Defendant VF OUTDOOR, INC. has been and now is

infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and

elsewhere in the United States, by actions comprising making and using its website at

www.thenorthface.com, which comprises a server coupled to a communications link that

receives a request from a client device and collects data items as a function of the requests; an

executable applet dynamically generated by the server in response to the client request; a

constituent system associated with the applet comprising a subset of the data items and a further

constituent system comprising a data interface capability configured to provide a plurality of

operations associated with the subset of data items; with such applet operable to be transferred

over the communications link to the client device.

196.    On information and belief, since becoming aware of the '111 patent, VF

OUTDOOR, INC. has been and is now indirectly infringing by way of inducing infringement

and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in

this judicial district, and elsewhere in the United States, by providing the website

www.thenorthface.com for use by VF OUTDOOR, INC.'s clients.  VF OUTDOOR, INC. is a

direct and indirect infringer, and its clients using www.thenorthface.com are direct infringers.

197.    On information and belief, since becoming aware of the '111 patent, VF

OUTDOOR, INC. is and has been committing the act of inducing infringement by specifically

intending to induce infringement by providing the identified website to its clients and by aiding

and abetting its use.  On information and belief, VF OUTDOOR, INC. knew or should have

known that through its acts it was and is inducing infringement of the '111 patent.  On

information and belief, VF OUTDOOR, INC. is and has been committing the act of contributory

infringement by intending to provide the identified website to its clients knowing that it is a

material part of the invention, knowing that its use was made and adapted for infringement of the

'111 patent, and further knowing that the system is not a staple article or commodity of

commerce suitable for substantially noninfringing use.

198.    Defendant VF OUTDOOR, INC. is thus liable for infringement of the '111 patent

pursuant to 35 U.S.C. § 271.

199.    On information and belief, Defendant WILLIAMS-SONOMA, INC. has been and

now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district,

and elsewhere in the United States, by actions comprising making and using its websites at

www.williams-sonoma.com, www.pbteen.com, www.potterybarn.com,

www.potterybarnkids.com, www.westelm.com, and www.wshome.com, and each website

comprises a server coupled to a communications link that receives a request from a client device

and collects data items as a function of the requests; an executable applet dynamically generated

by the server in response to the client request; a constituent system associated with the applet

comprising a subset of the data items and a further constituent system comprising a data interface

capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

200.    On information and belief, since becoming aware of the '111 patent, WILLIAMS-SONOMA, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.williams-sonoma.com, www.pbteen.com, www.potterybarn.com, www.potterybarnkids.com, www.westelm.com, and www.wshome.com for use by WILLIAMS-SONOMA, INC.'s clients. WILLIAMS-SONOMA, INC. is a direct and indirect infringer, and its clients using www.williams-sonoma.com, www.pbteen.com, www.potterybarn.com, www.potterybarnkids.com, www.westelm.com, and www.wshome.com are direct infringers.

201.    On information and belief, since becoming aware of the '111 patent, WILLIAMS-SONOMA, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients and by aiding and abetting their use.  On information and belief, WILLIAMS-SONOMA, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, WILLIAMS-SONOMA, INC. is and has been committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the invention, knowing that their use was made and adapted for infringement of the '111 patent, and further knowing that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

202.    Defendant WILLIAMS-SONOMA, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

203.     On information and belief, Defendant ZAPPOS RETAIL, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.zappos.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

204.     On information and belief, since becoming aware of the '111 patent, ZAPPOS RETAIL, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.zappos.com for use by ZAPPOS RETAIL, INC.'s clients.  ZAPPOS RETAIL, INC. is a direct and indirect infringer, and its clients using www.zappos.com are direct infringers.

205.     On information and belief, since becoming aware of the '111 patent, ZAPPOS RETAIL, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, ZAPPOS RETAIL, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, ZAPPOS RETAIL, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing

58

that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

206.    Defendant ZAPPOS RETAIL, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

## COUNT II
## WILLFUL INFRINGEMENT

207.    On information and belief, prior to the filing of the complaint, Defendants' infringement was willful and continues to be willful.  On information and belief, prior to the filing of this Complaint, Defendants were aware of the '111 patent and knew or should have known that Defendants were infringing at least claim 1 of the '111 patent.  On information and belief, Defendants in their infringing activities acted as they did despite an objectively high likelihood that their actions constituted infringement of a valid patent.  The Defendants' infringing activities were intentional and willful in that the risk of infringement was known to Defendants or was so obvious that it should have been known to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Parallel Networks respectfully requests that this Court enter:

a)    A judgment in favor of Parallel Networks that Defendants have infringed, directly, jointly, and indirectly, by way of inducing and contributing to the infringement of the '111 patent;

b)    A judgment that the Defendants' infringement is and has been willful and objectively reckless;

c)    A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all

others acting in active concert therewith from infringement, inducing the

infringement of, or contributing to the infringement of the '111 patent;

d)  A judgment and order requiring Defendants to pay Parallel Networks its damages,

   costs, expenses, and prejudgment and post-judgment interest for Defendants'

   infringement of the '111 patent as provided under 35 U.S.C. § 284;

e)  An award to Parallel Networks for enhanced damages as provided under 35

   U.S.C. § 284;

f)  A judgment and order finding that this is an exceptional case within the meaning

   of 35 U.S.C. § 285 and awarding to Parallel Networks its reasonable attorneys'

   fees; and

g)  Any and all other relief to which Parallel Networks may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of

any issues so triable by right.


Dated:  February 25, 2011                              Respectfully submitted,

                                            By:  */s/ David R. Bennett*
                                                 George S. Bosy
                                                 David R. Bennett
                                                 Bosy & Bennett
                                                 300 North LaSalle Street
                                                 49th Floor
                                                 Chicago, IL 60654
                                                 Telephone: (312) 803-0437
                                                 Email: gbosy@bosybennett.com
                                                        dbennett@bosybennett.com

                                                 Charles Craig "Craig" Tadlock
                                                 State Bar No. 00791766
                                                 Tadlock Law Firm PLLC

315 North Broadway
Suite 307
Tyler, TX 75702
Telephone: (903) 283-2758
Email: craig@tadlocklawfirm.com

ATTORNEYS FOR PLAINTIFF
PARALLEL NETWORKS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 25th day of February, 2011, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ David R. Bennett*
One of the Attorneys for Parallel Networks, LLC