UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PARALLEL NETWORKS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:10–cv–275 (LED) |
| | ) | |
| | ) | |
| AEO, INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**COLDWATER'S REPLY IN SUPPORT OF
MOTION TO SEVER AND TRANSFER**

Defendant Coldwater Creek Inc. ("Coldwater") files the following reply ("Reply") to the response in opposition ("Opposition") (Dkt. No. 428) of Plaintiff Parallel Networks, LLC ("Parallel") to Coldwater's motion ("Motion") (Dkt. No. 421) to sever all claims against Coldwater from the above–captioned action (the "–275 Action") and transfer those claims to *Parallel Networks, LLC v. Adidas America, Inc.*, Case No. 10–cv–491 (the "–491 Action"), or, in the alternative, to make the discovery limits in the Discovery Order entered in the –491 Action applicable to Coldwater in the –275 Action.

**ARGUMENT**

Coldwater's Motion is aimed at finding the simplest path to a simple result—alignment with parties who take the same view of the discovery needed by individual defendants to defend themselves against Parallel's claims. To the extent the remaining defendants in the –275 Action are willing to agree to less discovery than Coldwater believes is necessary, Coldwater has no wish to thwart that agreement. But neither is Coldwater willing to be bound to such an agreement

simply because unrelated co–defendants are. Accordingly, Coldwater has asked the Court either to allow Coldwater to be reassigned to the –491 Action, where the defendants have taken positions on discovery limitations with which Coldwater agrees, or (somewhat more awkwardly) to have the discovery limitations of the –491 Action applied to Coldwater in this action.

We turn first to the question of whether this court has the authority to grant Coldwater's requested relief under Fed. R. Civ. P. 21. The answer is undoubtedly yes. "District court judges have broad discretion in managing their own dockets." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 211 (5th Cir. 2010); *cf.* Fed. R. Civ. P. 42 (authorizing consolidation or separate trials). Likewise, courts have broad discretion to sever under Fed. R. Civ. P. 21—which by its terms sets no specific criteria a court must apply in determining whether a motion to sever should be granted. *See id. See also Anderson v. Red River Waterway Comm'n,* 231 F.3d 211, 214 (5th Cir. 2000); *accord Adrain v. Genetec Inc.,* 2009 WL 3063414, *1 (E.D. Tex. Sept. 22, 2009). While Parallel may grumble that Coldwater's problem "is not a Rule 21 issue," Opposition at 2, it offers no case law nor explanation why Coldwater's requested relief is not proper. Not only is such relief available, severance and transfer is the least disruptive route to that relief. If the Court reassigns Coldwater from the –275 Action to the –491 Action, the remaining parties in the –275 Action case can stipulate to an agreed discovery order, and Coldwater will join the defendants in the –491 Action in their stance on the discovery order in that case. In sum, this relief would allow Coldwater to take the position it favors on discovery without adversely affecting any other party to either action.

Without apparent rhyme or reason, Parallel divided its 124 targeted defendants into four separate cases now pending in this district. Coldwater was sued in the –275 Action along with a number of airlines (*e.g.* Continental, Delta, Southwest), Internet and online service providers

(*e.g.* AOL, Google, Mapquest), and other online retailers. The assignment of defendants appears to have been made utterly by chance, as there is no commonality among the defendants to the –275 Action other than, perhaps, that they all appear to be successful companies that engage in some aspect of their respective businesses on or through the Internet. Nor does Parallel offer any explanation for or defense of its case assignments in the Opposition. Rather, it weakly points out that at least some of the other defendants to the –275 Action also sell clothing. *See* Opposition at 3 & n.1. That is undeniably true, but it is equally true that a number of the defendants to the –491 Action, which Coldwater seeks to join, also are sell clothing online. *See* –491 Action, Complaint (Dkt No. 1) (asserting claims against, *inter alia*, Bergdorf Goodman, Bloomingdale's, Chico's, Dillard's, J. Jill, Macy's, Nautica, Ralph Lauren, Victoria's Secret, and Women's Apparel Group). Parallel's division of defendants relies on happenstance as opposed to any clear organizing principle, such as by industry. Thus, the notion that the severance and transfer of Coldwater from the –275 Action to the –491 Action would adversely affect the management of these cases can be dismissed out of hand.

Coldwater's request for severance and transfer to the –491 Action is concededly unusual, but in these circumstances constitutes "just terms" under Fed. R. Civ. P. 21. *Id.* Under Rule 21, "the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Hardesty Builders, Inc. v. Mid–Continent Cas. Co.,* 2010 WL2787810, *1 (S.D. Tex. July 14, 2010) (citing *Applewhite v. Reichhold Chemicals, Inc.,* 67 F.3d 571, 574 (5th Cir. 1995)). Without any apparent rationale for the present case groupings—and with Parallel offering none in its Opposition—there is no defensible reason why Coldwater should be stuck with fewer opportunities to question the party having accused it of infringement than its similarly–situated brethren in the –491 Action. Indeed, forcing Coldwater to accept only seven

3

interrogatories, while Chico's (in the –491 Action) receives ten, simply due to chance, would undoubtedly cause prejudice to Coldwater's ability to present its case. And no other party to this case—not Parallel nor any other defendant to the –275 or –491 Actions—would suffer any corresponding prejudice from the reassignment of Coldwater to the –491 Action.

Parallel opposes the Motion based on the argument that Coldwater is a lone–wolf holdout, making irrational discovery demands in excess of what its co–defendants in the –275 Action have agreed to. This skewed picture ignores that what Coldwater seeks is no more than what the *dozens* of other similarly–situated defendants in the –491 Action have asked for. Nor are these demands unusual or onerous. Indeed, the *U.S. Ethernet Innovations, LLC v. Acer, Inc.* Order that Parallel attached as Exhibit A to its Opposition demonstrates the reasonableness, indeed the conservatism, of Coldwater's position on discovery. In *U.S. Ethernet*, the Court limited each side to 150 hours of deposition testimony, and each party to 20 requests for admission. *Id.* The limits Coldwater seeks—set forth in the proposal of the defendants in the –491 Action—include, *inter alia,* 150 hours of Rule 30(b)(1) depositions and 10 individual interrogatories. *See, e.g.,* Opposition at 4. If there was any doubt that Coldwater's position on discovery is a modest one, we note that the 150 hours of deposition time permitted in *U.S. Ethernet* was split among sixteen defendants (some related), while both the –275 and –491 Actions involve splitting time among dozens of defendants. *See* Opposition at 6 n.4 (tallying 40 defendants in the –275 Action, of which 33 may be considered non–affiliated parties).

There are more than 50 defendants to the –491 Action, which together seek precisely the same discovery limits as Coldwater. These limits are eminently reasonable, indeed, parsimonious when it is considered that substantial sums and serious accusations are at stake. Coldwater's ability to receive the benefit of discovery it believes to be reasonable should not rest on Parallel's

random assignment of Coldwater to this action rather than the –491 Action. As it would be prejudiced in preparing its defense by these lower limits, Coldwater seeks severance and transfer. As no other party would be prejudiced by granting Coldwater this relief, Coldwater respectfully submits that Parallel has offered no principled reason to deny Coldwater that relief.

## CONCLUSION

For the reasons set forth above, and in the underlying Motion, Coldwater respectfully requests that all claims against it be severed from the above–captioned litigation and transferred to the –491 Action. In the alternative, Coldwater seeks that the discovery limits in the Discovery Order entered in the –491 Action be made applicable to it in the –275 Action.

Dated: February 28, 2011                          Respectfully submitted,

                                                  Jennifer Parker Ainsworth
                                                  (State Bar No. 00784720)
                                                  jainsworth@wilsonlawfirm.com
                                                  **WILSON, ROBERTSON & CORNELIUS, P.C.**
                                                  One American Center
                                                  909 ESE Loop 323, Suite 400
                                                  Tyler, Texas 75701
                                                  (903) 509–5000

                                                  /s/ Stacy O. Stitham
                                                  Peter J. Brann
                                                  pbrann@brannlaw.com
                                                  David Swetnam–Burland
                                                  dsb@brannlaw.com
                                                  Stacy O. Stitham
                                                  sstitham@brannlaw.com
                                                  **BRANN & ISAACSON**
                                                  184 Main Street; P.O. Box 3070
                                                  Lewiston, ME 04243–3070
                                                  (207) 786–3566

                                                  *Attorneys for Defendant Coldwater Creek Inc.*

**CERTIFICATE OF SERVICE**

I certify that on February 28, 2011, the foregoing document was filed electronically in compliance with Local Rule CV–5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV–5(a)(3)(A).

/s/ Stacy O. Stitham
Stacy O. Stitham
