IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**DATE:** March 1, 2011

| JUDGE | COURT REPORTER |
|---|---|
| LEONARD DAVIS | Shea Sloan |

LAW CLERKS:  Nicole Mitchell

| | |
|---|---|
| **PARALLEL NETWORKS** <br><br> vs. <br><br> **ABERCROMBIE & FITCH CO., ET AL** | **CIVIL ACTION NO**: 6:10-CV-111 <br><br> **STATUS CONFERENCE** |
| **PARALLEL NETWORKS** <br><br> vs. <br><br> **BENTLEY MOTORS INC., ET AL.** | **CIVIL ACTION NO**: 6:10-CV-112 <br><br> **STATUS CONFERENCE** |
| **PARALLEL NETWORKS** <br><br> vs. <br><br> **AEO, INC., ET AL.** | **CIVIL ACTION NO**: 6:10-CV-275 <br><br> **STATUS CONFERENCE** |
| **PARALLEL NETWORKS** <br><br> vs. <br><br> **ADIDAS AMERICA INC., ET AL.** | **CIVIL ACTION NO**: 6:10-CV-491 <br><br> **STATUS CONFERENCE** |

| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEY FOR DEFENDANTS** |
|---|---|
| SEE SIGN-IN SHEETS ||

On this day, came the parties by their attorneys and the following proceedings were had:

**OPEN:** 10:30 am        **ADJOURN:** 1:35 pm

| TIME: | MINUTES: |
|---|---|
| 10:30 am | Case called.  Court addressed the parties and asked for announcements. |
| | Parties announced ready.  (SEE SIGN-IN SHEETS) |

**DAVID J. MALAND, CLERK**

**FILED: 03.01.2011**

BY: *Rosa L. Ferguson*, Courtroom Deputy

PAGE 2 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| | Court inquired if the Defendants have met and will someone be speaking on behalf of the defendants. Mr. Jones is prepared to speak on behalf of the defendants. Is there joint defense group agreements. Mr. Jones responded. |
| | Court addressed the parties on meaningful discussion on what the parties wish to accomplish and discuss ideas to effectively manage this case with 124 defendants. Court would like to explore ways to minimize costs. |
| | Mr. Bosy addressed the Court and addressed the issue of bifurcation and strategy and efficiency issues, and how to conduct Markman. Mr. Bosy gave the Court a brief overview of the invention. Mr. Bosy addressed the Court on the scheduling order and addressed on Markman issues. Mr. Bosy addressed the Court on non-infringement defenses. Court inquired as to the suit against all defendants versus target defendants. Mr. Bosy responded. |
| | Court would like at some point in the hearing (maybe off the record), if anyone think it would not be a good idea. Mr. Jones responded. Mr. Hallaj. As far as this hearing, whatever is spoken, it is not binding, and ask parties to feel free and speak. |
| | Mr. Bosy addressed the Court on bifurcation. Court directed the comments toward model for damages. Mr. Bosy responded and model is related to reasonable royalty and cost of defense. Mr. Bosy addressed the Court on settlement, settlement offers and damage models based on sales information. |
| | Court inquired generally about the case and goal. Mr. Bosy addressed the Court on the goal of the litigation. |
| | Mr. Jones addressed the Court on what the defendants want out of the litigation and want a way, cost-effectively, to proceed. Mr. Jones sees an agreement in the infringement argument. Mr. Jones addressed the Court on common issues and suggesting that it be dealt with first, but no agreement on specific issues. Court addressed the parties on Motions for Summary Judgment. |
| | Mr. Jones addressed the Court on the 3 issues. The Applet issue. Mr. Moore addressed the Court on the applet and requests. Mr. Davidson addressed the Court and set forth two issues in their briefing. Mr. Jones continued to address the Court. |
| | Mr. Jones suggested bench trials for some of the cases less than a million each. Mr. Jones responded. |
| | Mr. Jones addressed the Court on invalidity issue and prior art. Mr. Jones addressed the Markman – and suggested that Markman be bifurcated based on individual defenses and prior art. |

PAGE 3 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| | Mr. Rosy addressed the Court and responded on Summary Judgment, early Markman on 3 terms. Mr. Jones responded and gave "Mike Jones" impressions and would encourage to get down to what really, really matters and narrow the claim terms to 3. Mr. Jones addressed the Court on the trial of the case with this many defendants. Mr. Jones suggested on the common issues first and parties being bound to what occurs. Mr. Jones addressed the Court on Defendants who have separate defenses. |
| | Mr. Sobel addressed the Court on an early Summary Judgment motions and discussed the inventions. |
| | Court addressed Mr. Jones on the second issue on best non-infringement defenses. Mr. Jones responded and commented on proposal of common issues and those issues are dead and gone and addressed the common issues trial. Mr. Jones addressed the Court on Markman and limitation of claims to 3. |
| | Mr. Bosy responded and discussed reduction of claims. |
| | Court will break from lunch and asked Plaintiff to take a look at reduction of claims. |
| | Mr. Bosy addressed the Court on the transmission of data to the computer. |
| | Court addressed the parties and inquired if defendants could be grouped into 3 or 4 groups based on functionality of accused products and Mr. Jones indicated it would not be that helpful. Mr. Bosy responded and agrees and each seem to differentiate themselves. |
| | Court inquired as to 3 or 4 bellwether defendants going forward, then others may be inclined to settle if plaintiff prevails. Mr. Bosy responded. Mr. Jones responded |
| | Court went with a limited number of claim terms, a limited number of Markman terms to construe, what time of time table could the plaintiff move on. Mr. Jones could move forward within 60 days. Mr. Rosy would need more than 60 days. Court inquired if this expedited hearing could be fitted in a regular schedule. Parties discussed. |
| | Court addressed the parties on bifurcation of damages. Mr. Bosy addressed the Court on bifurcation and all but 7 have agreed that bifurcation is a good idea because of liability and provide efficiencies. |
| | Mr. Jones deferred to Mr. Brann. Mr. Brann addressed the Court on bifurcation. |
| | Court inquired as to 124 defendants now and inquired how many more are there. Mr. Bosy responded. And Mr. Bosy are confidential. Mr. Bosy moved for numbers to be sealed. Court Reporter inquired as to redaction and/or sealing. Court ordered redaction. |
| | Mr. Tollefson addressed the Court. |
| | Court inquired as to how long it would take for plaintiff to get back on limitations of claim terms. Mr. Moore addressed the Court and responded. |

PAGE 4 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
|  | Court asked parties to meet and confer and come back at 1:20 pm. |
| 12:20 pm | Court in recess until 1:20. |
| 1:20 pm | Hearing resumed. |
|  | Court inquired as to if the parties have had a chance to meet and confer. |
|  | Mr. Bosy proposed 5 claims and 5 claim terms for defendants. Plaintiff proposed that on 3.15.11 that the plaintiff would give the defendants their claims and then the defendants would give their construction a week later. Then it could be determined how to proceed from there. Mr. Jones responded as to the early Markman and there is interest from the defendants. Court clarified the agreement. Mr. Jones responded as to the Plaintiff's proposal and does not have authority to speak on behalf of all of the defendants. |
|  | Mr. Bosy responded as to the exchange date and going forward. If the defendants cannot agree to this proposal, then the case would be back for the Court |
|  | Court asked if parties have an agreement, then to notify the Court by noon on Monday. Mr. Jones indicated they could do so by noon on Monday. |
| 1:35 pm | There being nothing further, Court adjourned. |